[S. F. No. 1826.    Department One.—December 12, 1899.]

JAMES DENIGAN, Respondent, *v.* SAN FRANCISCO SAVINGS UNION et al., Defendants. A. C. FREESE, Administrator of Estate of Ellen Denigan, Deceased, Appellant.

SEPARATE PROPERTY OF WIFE—DEPOSIT IN SAVINGS BANK—PASS-BOOK IN JOINT NAMES PAYABLE TO EITHER—GIFT OR JOINT OWNERSHIP NOT SHOWN.—Upon the deposit of money which is the separate property of the wife, the taking of a pass-book showing an account in the names of the husband and his wife, "and payable to the order of either of them," does not, by the form of the deposit, indicate any gift to the husband, or any joint interest of both parties in the deposit, with right of survivorship, or change the rules applicable to a deposit of the wife's separate property in the alternative names of the husband or wife.

ID.—BURDEN OF PROOF UPON HUSBAND'S DONEE.—The burden is upon the husband's donee of the deposit to show that it ceased to be the separate property of the wife, and that by the wife's intention title thereto was vested in the husband, and, in the absence of evidence tending to sustain that burden, his claim must be denied.

ID.—CREATION OF JOINT INTEREST—EXPRESS DECLARATION REQUIRED.— A joint interest in personal property, with the right of sur-

vivorship, can only be created in accordance with section 683 of the Civil Code, which applies both to real and personal property, and requires it to be created by a title vested in several persons in equal shares by a single instrument, in which a joint tenancy is expressly declared. It cannot be established in respect of money belonging to the wife by an independent title, by depositing it and taking a pass-book in the names of the husband and wife without any express declaration that the money should be held in joint tenancy.

Id.—Words Inconsistent with Joint Interest.—The use of the words in the pass-book "payable to the order of either of them" is inconsistent with a joint interest, and takes away any valid claim thereof.

Id.—Presumption of Joint Right—Construction of Code.—The provision of section 1431 of the Civil Code, that a right created in favor of several persons is presumed to be joint and not several, unless overcome by express words to the contrary, has reference only to the relation between the parties in whose favor the right is created and the party against whom it exists, and does not determine the relation of joint interest and benefit of survivorship as between the owners of the right in their relations to each other.

Id.—Survivorship of Right of Action—Trusteeship of Fund.—The survivorship of a right of action upon a joint chose in action does not divest the beneficial ownership of the deceased promisee, and the surviving promisee, upon collecting the fund, is a trustee of the estate of the decedent, according to his right, as between them, in a part or in the whole of the fund, as the case may be.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, and John O'Gara, for Appellant.

It being admitted that the money deposited was the separate property of Ellen Denigan, it will be presumed that she continued to be the sole owner until shown to be divested of her title. (Code Civ. Proc., sec. 1963, subd. 32; *Estate of Bauer*, 79 Cal. 311; *Kidder v. Stevens*, 60 Cal. 414; *Walsh v. Walsh*, 84 Cal. 101.) The making of the deposit in the names of Frank Denigan and Ellen Denigan, payable to either, indicates no gift, or intention to give an estate to the husband, but only indicates an authority to the husband to withdraw the money

of the wife, for her convenience. (*Flanagan v. Nash*, 185 Pa. St. 41; *Drew v. Hegerty*, 81 Me. 231; 10 Am. St. Rep. 255; *Matter of Bolin*, 136 N. Y. 178; *Beaver v. Beaver*, 117 N. Y. 421; 15 Am. St. Rep. 531; *Estate of Cunningham*, 1 Myrick Prob. Rep. 76; *Schick v. Grote*, 42 N. J. Eq. 352; *Smith v. Speer*, 34 N. J. Eq. 336; *Brown v. Brown*, 23 Barb. 565; *Matter of Ward*, 51 How. Pr. 316; *Baker* v. *Hedrich*, 85 Md. 660.) Every presumption is against a valid gift from the wife to the husband (*White v. Warren*, 120 Cal. 322), and such a gift cannot be established, especially after her death, except upon the most indisputable evidence. (*Shuttleworth v. Winter*, 55 N. Y. 624.) There is no proof of delivery which is essential to a gift. (Civ. Code, sec. 1147.) There is no proof of joint ownership, for want of express words. (Civ. Code, sec. 683.) Joint obligations are not affected by the principle of survivorship, under section 1431 of the Civil Code. (*Lawrence v. Doolan*, 68 Cal. 309; *Bostwick v. McEvoy*, 62 Cal. 496.) The share of a deceased joint obligee must belong to his estate where no express joint tenancy was vested with right of survivorship under section 683 of the Civil Code.

George D. Collins, and James Gartlan, for Respondents James Denigan and Margaret E. Maher, Administratrix of Francis Denigan, Deceased.

The act of Ellen Denigan in making the deposit in the names of herself and husband operated in law in the nature of a gift to him. (*McElroy v. National Sav. Bank*, 40 N. Y. Supp. 340; *Gardner v. Merritt*, 32 Md. 78; 3 Am. Rep. 115; *George v. Bank of England*, 7 Price, 651; *Metropolitan Sav. Bank v. Murphy*, 82 Md. 320, 321; 51 Am. St. Rep. 473.) The consequence of the deposit was to create a chose in action in favor of Ellen Denigan and Francis Denigan jointly. (Civ. Code, secs. 1818, 1878; *National Bank of Republic v. Millard*, 10 Wall. 152.) The transaction shows that a joint account in their favor was intended. (*Metropolitan Sav. Bank v. Murphy, supra.*) Section 683 of the Civil Code only applies to the joint tenancy in things corporeal, while choses in action are regulated by section 1431 of the Civil Code. There being no express words to the contrary, a joint ownership of the chose in action was created with the

right of survivorship. (*Mack v. Mechanics' Bank*, 50 Hun, 477; 3 Am. & Eng. Ency. of Law, 2d ed., 831.) Delivery of the chose in action to one of the joint owners or obligees was a delivery to both of them. (*Eshelman v. Henrietta Vineyard Co.*, 102 Cal. 199.) Payment to either would extinguish the chose in action. (*Delano v. Jacoby*, 96 Cal. 278; 31 Am. St. Rep. 201.) The transaction in question is sustained by the following cases: *Dimond v. Sanderson*, 103 Cal. 97; *Tillaux v. Tillaux*, 115 Cal. 663; *Smith v. Mason*, 122 Cal. 427. The husband being the owner of the fund, it was competent for him to make a gift, and create a trust therein. (*Booth v. Oakland Bank*, 122 Cal. 19.)

HARRISON, J.—The questions presented upon this appeal are similar to those involved in the case of *Denigan v. Hibernia Sav. etc. Soc., ante*, p. 137. Ellen Denigan died July 3, 1896, and at the time of her death there was on deposit in the San Francisco Savings Union certain money standing upon the books of the bank in the names of herself and her husband, Frank Denigan, payable to the order of either of them. It was admitted at the trial that this account originated in a single deposit of three thousand dollars, made by her in this form February 27, 1888, and that at the time of the deposit it was her separate property. October 19, 1896, Frank Denigan caused the sum of fourteen hundred dollars to be transferred upon the books of the bank from this account to a new account entitled "Frank Denigan or James Denigan," with directions to the bank from both Frank and James to pay to the individual order of either. Frank Denigan died in December, 1897, and after his death the plaintiff brought the present action to recover from the bank the amount of the deposit. Under an order of the court, the administrator of the estate of Frank Denigan was substituted as defendant in place of the bank, and the bank was permitted to pay into court the amount of the deposit, and was thereupon discharged from liability therefor. The administrator of the estate of Ellen Denigan filed a complaint in intervention claiming the deposit as a part of her estate. The cause was tried by the court, and findings made to the effect that the money was the separate property of Ellen, and that her husband never had any interest therein other

than as agent to withdraw the same for her and for her benefit; that the withdrawal by him of the fourteen hundred dollars, and the opening of the new account with the bank therefor, was without right; that the plaintiff herein paid no consideration for said transfer and had no right to said money. Judgment was accordingly rendered in favor of the intervenor for the amount that had been paid into court. Subsequently the court set aside its decision and granted a new trial. From this order the intervenor has appealed. The record does not show upon what grounds a new trial was asked, or upon which the court set aside its decision, and no error of law is assigned in the bill of exceptions, but it is stated therein that the evidence is insufficient in certain particulars to justify the decision. The particular in which it is suggested upon the appeal that the decision is not sustained by the evidence is that in its decision the court found that at the death of Ellen, and for a long time prior thereto, the deposit stood on the books of the bank "payable to either Ellen Denigan or Frank Denigan," whereas it appears from the evidence that the deposit stood upon the books "in the names of Frank Denigan and Ellen Denigan, his wife, and payable to the order of either of them." Although the finding upon this point is not as extensive as the evidence, it cannot be said that so far as it is made it is not sustained by the evidence. It is, however, stated in the brief for the appellant that the decision was set aside by reason of the fact that the deposit made by Ellen in the names of herself and her husband, payable to either, indicated an intention to give to him one-half of the deposit. The respondent, moreover, contends that by this form of the deposit a joint interest therein was created in favor of both, and that by virtue of the husband's survivorship he became vested with a right to the entire deposit.

What has been said in the opinion in *Denigan v. Hibernia Sav. etc. Soc., supra,* in reference to the proposition that by the deposit Ellen made a gift to her husband is applicable here. As therein shown, there is nothing, aside from the form in which the deposit account was opened, to show any intention on her part to part with her interest in the money, or to establish any of the elements of a completed gift. The only difference between the forms of the deposits in the two cases is

that in the present case the account was opened in the name of "Francis *and* Ellen Denigan, payable to either," whereas in the other case the account and pass-book were entitled "Frank Denigan *or* Ellen Denigan in account with The Hibernia Savings and Loan Society." This difference in the form of the deposit or of the account does not, however, change the rule governing the rights of the parties to the money deposited. At the time of the deposit in each case the money was the separate property of Ellen, and, in the absence of any evidence tending to show a purpose or intention on her part to part with the title, it remained her separate property at the time of her death, notwithstanding its deposit in this form. The burden was upon the plaintiff to show that it had ceased to be her separate property, and, in the absence of any evidence tending thereto, his claim must be denied. In *Taylor v. Henry*, 48 Md. 550, 30 Am. Rep. 486, the deposit stood upon the books of the bank, "Joseph Henry, Margaret Taylor, and the survivor of them, subject to the order of either." The money was the property of Joseph Henry at the time it was deposited, and upon his death his sister Margaret claimed it by virtue of this form of the account. The court held that she was not entitled to it, saying: "The whole question depends upon the meaning and intention of the deceased in making the deposit in the form adopted, as gathered from the entry in the bank-book and all the circumstances surrounding the deceased at the time"; and after holding that the words "and the survivor of them" did not import a gift, said: "Here the deposit was in the joint names of the deceased and his sister, and the survivor of them, but subject to the order of either. Having thus retained the power to draw out the money, the deceased did not divest himself of dominion and control over the fund. He could have drawn out every dollar after the deposit, or at any time up to the moment of his death, and applied it in any manner he might have thought proper. It is not contended that the sister had the least right or interest in the money before the deposit; nor is it contended that she acquired any interest therein otherwise than by the supposed gift of the brother; and the only evidence relied on to support the *factum* of the supposed gift is the form of the entry in the bank-book. But, as will be observed,

there are no terms in the entry that import of themselves an actual present donation by the brother to the sister; and the dominion retained by the brother over the fund enabled him to displace and utterly destroy all power conferred upon the sister in respect to the fund." The same principle was afterward maintained in *Gorman v. Gorman*, 87 Md. 338. In *Schick v. Grote*, 42 N. J. Eq. 352, a deposit had been made in the following form: "Bank for Savings in account with August Grote and wife, Edvina, or either." The money was the property of Mr. Grote, and after his death it was claimed in a suit for the same by his wife that by depositing it in this form he had made her a gift of it. The court held otherwise, saying: "The form of the account in which the deposit was made is not evidence of gift to the wife." In *Noyes v. Newburyport Sav. Inst.*, 164 Mass. 583, 49 Am. St. Rep. 484, it was held that a deposit by Annie M. Pike, under an account headed "Annie M. Pike and Mary L. Hewett, payable to either or the survivor," remained the property of the original depositor, and that after her death her executors were entitled to the same. The cases cited by the respondent do not contravene the rule held in the above cases. In *Mack v. Mechanics' etc. Bank*, 50 Hun, 477, cited by him, there was testimony before the court tending to show that after the deposit had been made the depositor came to the bank with his mother, and had the account changed to their joint names, and afterward made a gift of the deposit to her. In *Metropolitan Sav. Bank v. Murphy*, 82 Md. 315, 51 Am. St. Rep. 473, the only question presented for determination was the liability of the bank upon its contract. At the time the deposit was made there was written at the head of the account in the bankbook, at the request of the depositor, an agreement that at the death of either the balance should belong to the survivor. After his death the bank paid the balance to the other. In an action by his executors against the bank to recover the deposit, judgment was given in favor of the bank upon the ground that in making the payment to the survivor the bank had merely carried out its contract, and could not be required to pay the same again.

The respondent's claim that Francis became vested with Ellen's title to the deposit by virtue of his survivorship is equally

untenable. Title by survivorship exists only when the estate is held in joint ownership, and, unless the deposit was owned by Francis in the lifetime of Ellen jointly with her, there was no joint interest therein to which the incident of survivorship could attach. We have seen that she did not part with her title to the deposit by reason of the form in which it was made, and, as the title of Francis depends entirely thereon, it is evident that he had no joint interest with her in the moneys so deposited. Joint interests or estates are such as are acquired at the same time and by the same title. Section 683 of the Civil Code declares: "A joint interest is one owned by several persons in equal shares by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." The proposition of the respondent that this section applies only to real estate is without support. There is no limitation of this character in the section, and, as it is found in the title headed "Ownership" and the chapter thereof which treats of "Interests in Property," irrespective of its character, it must be held applicable to all kinds of property. The money deposited by Ellen was up to that time her separate property, and it cannot be said that she then acquired any interest therein; and, if it could be assumed that by reason of the form in which the deposit was made Francis acquired any interest therein, it was acquired at a different time and by a different title from that of Ellen. There was no declaration that the money should be held in joint tenancy, and the words "payable to either" placed in the account take away the claim of a joint interest. In *Gorman v. Gorman, supra,* the entry of the deposit made in the book was "Theresa McConnell and her niece, Maggie S. Gorman, joint owners; payable to the order of either or the survivor." The money was the individual property of Theresa, and the account was changed upon the books of the bank into this form at her request, and the entry was signed by her and Miss Gorman. The court held that, although the words "joint owners" were employed, the deposit did not become the joint property of both. In *Taylor v. Henry, supra,* the court refused to sustain the claim of the sister by virtue of her survivorship upon the ground that the

gift was not perfect and irrevocable during the life of the donor. The same rule was observed in *Whalen v. Milholland,* 89 Md. 199.

The respondent further urges that upon the deposit in the bank the money became the property of the bank, and that by virtue of the transaction then effected a chose in action resulted wherein a joint liability was created on the part of the bank in favor of Ellen and her husband, which, upon the death of Ellen, survived to the husband, and in support of this proposition cites section 1431 of the Civil Code, which provides that a right created in favor of several persons is presumed to be joint and not several, and that this presumption can be overcome only by express words to the contrary. This provision has reference, however, merely to the relation between the parties in whose favor the right is created, and the party against whom it is created. It is correlative to the obligation incurred by the party against whom the right exists, but does not purport to determine the interest of the parties in whose favor the right exists as between themselves. As Ellen did not divest herself of her property in the money by the form in which she made the deposit, she retained the same interest in this property represented by the chose in action or right resulting from the obligation thereby assumed by the bank. Her husband acquired no right to the money which he might obtain upon this chose in action as against her. While the bank would have been authorized to pay all or any portion of it to him in her lifetime, he could have been compelled to account to her for what he might thus receive; and in an action against the bank wherein the claim of each is presented for adjudication the court is authorized to render a judgment according to their respective rights. The right of action on a bond held by two joint obligees, or on a promise for the payment of money to two joint promisees, vests in the death of one in the survivor (1 Parsons on Contracts, 31); but the right of the deceased obligee or promisee is not extinguished by his death. The survivor will hold the security and the proceeds as trustee to the extent of the interest of the deceased joint obligee or promisee in the debt or fund, and, if the survivor had no interest in the fund, he will hold the whole thereof for the benefit of the

estate of the deceased. (*Mulcahey v. Emigrant etc. Sav. Bank,* 89 N. Y. 435.) Mr. Freeman, in his treatise on Cotenancy and Partition, says in section 16: "The loan of money, for which a mortgage is given, is not regarded as a transaction which would ordinarily raise the presumption that the parties thereby intended to create a joint ownership in the thing lent with the benefit of survivorship." In *Blake v. Sanborn,* 8 Gray, 154, an action to foreclose a mortgage given to four persons to secure a note payable to them was held to be properly maintained by the survivors, but the court said: "If the conditional judgment is discharged by payment, they will, of course, be answerable over to the administrator of the deceased mortgagee for one-fourth of the note; if the mortgage is foreclosed, they will hold the land in trust for all concerned in the mortgage." (See, also, *Burnett v. Pratt,* 22 Pick. 556; Story's Equity Jurisprudence, sec. 1206; Bliss on Code Pleading, 3d ed., sec. 62.) Counsel for respondent cites in support of his claim *Sanford v. Sanford,* 45 N. Y. 723, where the husband loaned certain money and received therefor a promissory note payable to himself and his wife, and in which it is said in the opinion: "Taking this note in the name of himself and wife shows that the husband intended thereby to give it to her in case she survived him, and a delivery to her was unnecessary to perfect the gift." But we are compelled to coincide with Judge Redfield, who, in commenting upon this in *Matter of Ward,* 2 Redf. 251, said that this language "seems to run directly counter to all settled notions of the law in respect to such gifts, and seems not to have been fortified by the learned judge who delivered that opinion by any authority." The language above quoted is to be regarded rather as *dictum* than as authority, since, after stating that the note belonged to the wife as the survivor, it held for other reasons that the maker owed it to the estate of the husband, and not to the wife, and reversed a judgment in her favor, upon the ground that she was not the real party in interest.

We hold, therefore, that Francis Denigan had no interest in the deposit during the lifetime of his wife, and did not upon her death become vested with any interest therein as against the claim of her administrator, and that, as the evidence incorporated in the bill of exceptions would not have authorized a

judgment in favor of the plaintiff, the court erred in setting aside its decision.

The order granting a new trial is reversed.

Garoutte, J., and Van Dyke, J., concurred.