[Civ. No. 411. First Appellate District.—March 5, 1908.]

LIZZIE C. ROBINSON, Respondent, v. MUTUAL SAVINGS BANK OF SAN FRANCISCO, Defendant. JOSEPH LEGGETT and CHARLES H. ROBINSON, Executors of Will of AMANDA M. SCALES, Deceased, Substituted Defendants, Appellants.

DEPOSITS IN SAVINGS BANK—ALTERNATIVE ACCOUNT—AGENCY—TENANCY IN COMMON—GIFT OR TRUST NOT SHOWN.—Where a woman eighty years old and totally blind requested one who had attended to her business to open an account in a savings bank of her money in their alternative names, so that she could draw money to her use as depositor, stating to her that when she was gone she could have what was left, and subsequently other moneys belonging to the depositor were deposited, aggregating a large sum, from which drafts were made in various sums for her use, and the bankbook was left in the custody of the bank for her, and never delivered to the agent, the principal retaining the dominion of the fund during her lifetime, no tenancy in common of the fund with a right of survivorship nor any gift *in praesenti* of the whole fund was shown, nor did the bank become a trustee of the fund for the agent; but the executors of the depositor may claim so much of the fund as was not given *in praesenti*.

ID.—ESSENTIALS OF GIFT—FUTURE NOT CONSIDERED—RENUNCIATION BY GIVER.—A valid gift goes into immediate effect, and has no reference to the future. It divests the donor of his title, and requires a renunciation on the part of all claim and interest in the subject of the gift.

ID.—GIFT CLAIMED AFTER DEATH—CLEAR PROOF REQUIRED.—When the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory proof of every element which is requisite to constitute a gift.

ID.—FINDINGS AGAINST EVIDENCE—WRONG THEORY OF LAW—PARTIAL GIFT IN PRAESENTI—REVERSAL.—Where the findings of the court

that the agent was entitled to the whole of the fund as against the executors of the depositor were against the evidence, as being based upon a wrong theory of the law applicable to the facts of the case, even if a part of the fund become the property of the plaintiff by an executed gift from the donor during her life, concerning which there was a sharp conflict in the evidence, the judgment must be reversed on the ground that the executors of the depositor were entitled to all of the residue of the funds.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Jas. G. Maguire, for Appellants.

The evidence is against the findings and against the law of the case as to the ownership of the account.   (*Dennigan* v. *Hibernia S. & L. Soc.,* 127 Cal. 141, 59 Pac. 389; *Dennigan* v. *San Francisco Savings Union,* 127 Cal. 142, 78 Am. St. Rep. 35, 59 Pac. 390.)    The evidence is insufficient to show an executed gift.   (*Taylor* v. *Henry,* 48 Md. 550, 30 Am. Rep. 486; *Gorman* v. *Gorman,* 87 Md. 338, 39 Atl. 1038; *Schick* v. *Grote,* 42 N. J. Eq. 352, 7 Atl. 852; *Noyes* v. *Newburyport Savings Bank,* 164 Mass. 583, 49 Am. St. Rep. 484, 42 N. E. 103; *Grey* v. *Grey,* 47 N. Y. 552; *White* v. *Warren,* 120 Cal. 322, 49 Pac. 129, 52 Pac. 723; *De Puy* v. *Stevens,* 37 App. Div. 289, 55 N. Y. Supp. 810; *Whalen* v. *Milholland,* 89 Md. 199, 43 Atl. 45, 44 L. R. A. 208.)

Fabias T. Finch, for Respondent.

Where there is a conflict of evidence, the findings must be sustained.   (*Helm* v. *Martin,* 59 Cal. 61.)    The findings show that plaintiff was entitled to the fund, and any conflict must be resolved in his favor.   (*Sprague* v. *Walton,* 145 Cal. 228, 78 Pac. 645; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, 54 Pac. 370.; *Scrivens* v. *North Easton Savings Bank,* 166 Mass. 255, 44 N. E. 251; *Parke* v. *Nixon,* 141 Mich. 267, 104 N. W. 598; *Meriden Savings Bank* v. *Wellington,* 64 Conn. 553, 30 Atl. 774; *Scott* v. *Berkshire etc. Bank,* 140 Mass. 159, 2 N. E. 925; *McElroy* v. *Albany Savings Bank,* 8 App. Div. 46, 40 N. Y. Supp. 423; *Trow* v. *Shannon,* 78

N. Y. 451; *McMurray v. Ennis*, 12 N. Y. Supp. 904; *Russell v. Langford*, 135 Cal. 356, 67 Pac. 331; *Marsh v. Prentiss*, 48 Ill. App. 74; *Miller v. Hartel*, 53 Pa. St. 108; *Hunt v. Hunt*, 119 Mass. 474.)

HALL, J.—Plaintiff brought suit against the Mutual Savings Bank of San Francisco to recover the sum of $4,370.49 as the balance of money alleged to have been deposited by plaintiff with said bank.

Upon a showing by the defendant bank that Joseph Leggett and Charles H. Robinson, as executors of the last will of Amanda M. Scales, deceased, made claim to the same money, said defendant bank was allowed to deposit with the court said sum of $4,370, and was thereupon dismissed from the action, and said Leggett and Robinson, as such executors, were substituted as defendants.

Leggett and Robinson, as such executors, answered plaintiff's complaint, and set up a claim to said money as part of the estate of Amanda M. Scales, deceased.

The findings and judgment were in favor of plaintiff and against the substituted defendants, who have appealed from the judgment and the order denying their motion for a new trial.

Appellants attack the findings as not being supported by the evidence.

It is alleged in the complaint that prior to the commencement of the action plaintiff deposited with defendant, the Mutual Savings Bank of San Francisco, and the said defendant received of and from plaintiff, for the use and benefit of plaintiff, the sum of $5,729.69, which said amount said defendant promised to repay to plaintiff, and that said defendant has repaid to plaintiff the sum of $1,359.20 and no more, thus leaving a balance of $4,370.49.

The substituted defendants, in their answer, deny the allegations of the complaint above set forth, and further allege that prior to the seventh day of July, 1904, Amanda M. Scales deposited said sum of $5,729.69 with said defendant, the Mutual Savings Bank of San Francisco, and caused said deposit to be made payable by said defendant to "Amanda M. Scales or Lizzie C. Robinson." "That said Amanda M. Scales so directed and made said deposit payable to 'Amanda M. Scales or Lizzie C. Robinson' for the sole purpose of en-

abling said Lizzie C. Robinson, as the agent of said Amanda
M. Scales, to withdraw moneys from said deposit for the
use and benefit of said 'Amanda M. Scales,' and as the same
might be required by said Amanda M. Scales, or to be paid
out by her through said Lizzie C. Robinson (the plaintiff
herein) as the agent of said Amanda M. Scales." That
prior to the seventh day of July, 1904, said Amanda M.
Scales withdrew from said deposit the sum of $1,359.20, and
no more, leaving a balance on deposit with said defendant
bank of $4,370.49.

Amanda M. Scales died on the seventh day of July, 1904.

The court found all the allegations of the complaint to be
true, and also found "That it is not true that prior to the
commencement of this action, and prior to the seventh day
of July, 1904, or at any other time, Amanda M. Scales
deposited with said defendant, Mutual Savings Bank of San
Francisco, the sum of $5,729.69, or any sum." "That it
is not true that prior to the seventh day of July, 1904, or
at any other time, said Amanda M. Scales withdrew from said
deposit the sum of $1,359.20, or any sum whatever."

From the foregoing statement of the contents of the plead-
ings and of the findings, it is apparent that the plaintiff's
complaint was framed upon the theory that all the money
deposited was deposited by plaintiff for her own use and
from her own money, and that Mrs. Scales deposited none
of it, and had no interest therein, and that the court, in its
findings fully adopted such theory of the facts.

No such theory can be sustained upon the facts disclosed
by the record before us.

Mrs. Scales, at the opening of the account in question, was
upward of eighty years of age and totally blind. The plain-
tiff had been in the habit of attending to business for her
for several years before the opening of this account. The
account was opened on March 10, 1902, by the deposit of a
check for $1,149.05 belonging to Mrs. Scales, and was opened
in the name of "Amanda M. Scales or Lizzie C. Robinson."
Every item of deposit belonged to Mrs. Scales at the time of
its deposit, as is admitted by plaintiff on the witness-stand,
save, possibly, one, which confessedly also did originally be-
long to Mrs. Scales. This item will be referred to later.

Concerning the opening of the account, the plaintiff testified
in substance that she obtained a check for Mrs. Scales, pay-

able to her, from Bovee, Toy & Sontagg for $1,149.05; that Mrs. Scales indorsed the check and plaintiff deposited it in the bank. In answer to the question "For what purpose did Mrs. Scales tell you at that time that she gave you that check?" the plaintiff said, "She wanted to establish a claim there that I could draw against—an account there that I could draw against, and pay bills for her, because she was constantly demanding such services of me, and she said, at the time, she said, 'I want to open this little account; it will be a joint account; whatever is left after I am gone shall be yours.'" She further said that all the other deposits in the account were from Mrs. Scales, and came from rentals of her property and different sources.

Upon cross-examination she testified: "When this first deposit was made on the tenth day of March, 1902, Mrs. Scales told me that she wanted me to pay her bills out of the account, and to open that account for the purpose of enabling me conveniently to do that, and whatever remained after she died was to be mine; or that I could draw against it while she lived if I chose to. I never drew against it for any account, except her own, while she lived."

The evidence shows without conflict that plaintiff, acting for Mrs. Scales, for her use and to pay her bills, drew from the account the sum of $1,359.20. Plaintiff also testified that Mrs. Scales also told her that she might draw from the account for her personal use, but she never did so.

The evidence above set forth does not support the finding that the sum of $5,729.69 was deposited with the bank by plaintiff for her use and benefit in the sense and meaning of the finding. In a legal sense the deposits were made by Mrs. Scales for her use and benefit. The plaintiff was acting simply as the agent of Mrs. Scales, and was depositing the money of Mrs. Scales for her use.

For the same reason the evidence does not support the finding of the court: "That it is not true that prior to the commencement of this action, and prior to the seventh day of July, 1904, or at any other time, Amanda M. Scales deposited with said defendant, Mutual Savings Bank of San Francisco, the sum of $5,729.69, or any other sum." The money was deposited by Mrs. Scales, through her agent, the plaintiff, and likewise, in legal effect, whatever was with-

drawn was withdrawn by her through her agent, the plaintiff.

The evidence does not show a gift by Mrs. Scales to plaintiff of all the moneys deposited in the account or of the account itself. Although the deposit was in the names of either, and either could draw therefrom as between themselves and the bank, this does not show a gift to plaintiff, nor constitute a joint tenancy or ownership with a right of survivorship. Mrs. Scales at all times retained the right herself to draw the money. She retained dominion over it. She never delivered the bankbook to plaintiff. It at all times remained in the possession of the bank at the convenience of both Mrs. Scales and plaintiff.

"A valid gift goes into immediate effect, and has no reference to the future. It divests the donor of his title, and requires a renunciation on his part of all claim and interest in the subject of the gift." (*Denigan* v. *Hibernia etc. Soc.*, 127 Cal. 137, [59 Pac. 389] ; *Denigan* v. *San Francisco Sav. Union,* 127 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390].)

In both of the above-cited cases money, the separate property of a wife, was deposited in the names of the husband and wife, "and payable to the order of either of them." It was held that the form of the deposit did not indicate any gift to the husband, or any joint interest of both parties with a right of survivorship. In the latter case it was held that the rule that joint interests or estates are such as are created by a single will or transfer in equal shares, when expressly declared in the will or transfer to be a joint tenancy, applies to personalty as well as to realty.

The doctrine of the Denigan cases is supported by the following cases, all of which are reviewed in the second Denigan case: *Taylor* v. *Henry,* 48 Md. 550, [30 Am. Rep. 46] ; *Gorman* v. *Gorman,* 87 Md. 338, [39 Atl. 1038] ; *Schick* v. *Grote,* 42 N. J. Eq. 352, [7 Atl. 852] ; *Noyes* v. *Newburyport Sav. Trust,* 164 Mass. 583, [49 Am. St. Rep. 484, 42 N. E. 103].

The evidence does not bring this case within the doctrine of *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], where money was deposited in such a way as to constitute the bank a trustee for plaintiffs, nor within *Sprague* v. *Walton,* 145 Cal. 228, [78 Pac. 645], where the wife, on the order of her husband, actually drew certain money and deposited it in her own name.

In no aspect of the case can it be said that the findings attacked are sustained by the evidence, and for this reason the judgment and order must be reversed.

We have not overlooked the testimony given by plaintiff that one item of the deposit was given to her outright by Mrs. Scales for her own use, before the same was deposited. There was a sharp conflict in the evidence on this point, Mr. Leggett testifying to a statement made to him quite inconsistent with the claim that the item in question had been given to the plaintiff. In this connection it is well to revert to what was said in *Denigan* v. *Hibernia etc. Soc.*, 127 Cal. 137, [59 Pac. 389] : "When the claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift."

But whatever the fact may be concerning the claim that this particular item was given to plaintiff, and by her afterward deposited in the account sued on, the amount of the same is less than the balance sued for and for which judgment was given. If this particular sum of money was therefore the money of plaintiff, and deposited by her for her use in the account, this fact does not sustain the findings as made nor the judgment rendered.

The judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 2, 1908.