[Civ. No. 792: First Appellate District.—September 26, 1911.]

JOHN A. DRINKHOUSE, as Administrator of the Estate of ELIZABETH THOMSEN, Deceased, Respondent, v. THE GERMAN SAVINGS AND LOAN SOCIETY, a Corporation, Appellant.

TRUST—DEPOSITS IN SAVINGS BANK IN TWO NAMES PAYABLE TO EITHER—DECLARATION TO BANK OFFICER—CONTROL OF PASS-BOOKS DURING LIFE—TRUST IN RESIDUE AT DEATH.—Where a depositor in a savings bank, having no relatives, withdrew deposits in her own name, in the presence of a friend and of an officer of the bank, and deposited the same in the names of herself or her friend, payable to either, upon the production of the pass-books, for the purpose, then orally declared in the presence of both, of arranging the deposits, so that if anything happened to her such other person "could take the pass-books and go to the bank to withdraw the money," a trust was thereby created in favor of such other person in the residue of the deposits remaining at the death of the depositor, notwithstanding the depositor retained exclusive possession of the books and the right to withdraw all or any portion of the deposits in her lifetime.

ID.—ABSENCE OF FORMAL DECLARATION OF TRUST OR FORMAL ACCEPTANCE BY BANK—TRUST UNAFFECTED.—Although the depositor did not say, in so many words, that it was her purpose to deposit the money with the savings bank in trust for her specified friend, yet it was not necessary to the creation of such trust that she should have technically and precisely declared her purpose and intent to

create the trust, or that the bank, in order to be charged with the duties and responsibilities of a trustee, should indicate its willingness to undertake the trust by any formal words of acceptance.

ID.—CONTROL OF BANK-BOOKS BY DEPOSITOR—VALIDITY OF TRUST.— The circumstance that the original depositor, who made the new deposits, retained the bank-books showing the same in her possession, with power to withdraw the whole or any part of the deposits, would not affect the validity of the trust if one in fact was created.

ID.—CREATION OF TRUST IN PERSONAL PROPERTY—REQUISITES.—A voluntary trust in personal property may be created as to the trustor, beneficiary and trustee, by any words or acts of the trustor and trustee which indicate with reasonable certainty: (1) an intention on the part of the trustor to create a trust; (2) the subject, purpose and beneficiary of the trust; and (3) the acceptance of the trust by the trustee.

ID.—DECLARATIONS OF TRUSTOR PART OF TRUST.—All of the declarations of the trustor made to the trustee in relation to the trust before its acceptance, where the trust is not declared in writing, are deemed part of the declaration of trust.

ID.—PERFECTED TRUST SHOWN BY FACTS AND CIRCUMSTANCES.—It is held that the facts and circumstances of the whole case sustain the defense pleaded by the defendant that the transaction, in its entirety, was intended by all of the parties thereto to be, and was, in legal effect, a perfected trust.

ID.—GIFT NOT CREATED.—The facts of the case would not support a finding that the transaction in question created, or was intended to create, either a gift *inter vivos* or a gift *causa mortis*.

ID.—NOTICE BY ADMINISTRATOR OF DECEASED DEPOSITOR NOT TO PAY MONEY TO BENEFICIARY OF TRUST IMMATERIAL.—Notice by the administrator of the deceased depositor to the bank not to pay the money to the beneficiary to whom it was made payable by the depositor was immaterial, and could not legally prevent the payment by the bank to the beneficiary of the trust, according to the terms of the trust created, upon return of the pass-books.

ID.—ACTION BY ADMINISTRATOR OF DEPOSITOR AGAINST BANK—FINDINGS AGAINST EVIDENCE—REVERSAL.—In an action by the administrator of the deceased depositor to recover from the bank the residue of the deposit paid to the beneficiary of the trust, it is held that the findings of the trial court are contrary to the evidence in so far as it is found to be a fact that a trust was not created in the money in question, and that the beneficiary to whom it was paid did not have any interest therein, and that a judgment for the plaintiff and an order denying a new trial to the defendant must be reversed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Goodfellow & Eells, and Edward Lande, for Appellant.

Fabius T. Finch, for Respondent.

LENNON, P. J.—This is an appeal upon a bill of exceptions from a judgment rendered in favor of the plaintiff and from an order denying the defendant's motion for a new trial.

The plaintiff, as the administrator of the estate of Elizabeth Thomsen, deceased, brought suit against the defendant to recover a specific sum of money which it was alleged the deceased had deposited for her use and benefit with the defendant.    The defendant in its answer alleged in substance that on the fourteenth day of September, 1898, the deceased, Elizabeth Thomsen, and one Louisa H. Wilson deposited with the defendant the sum of $1,597.34, and that the amount of said account with accrued dividends to date of July 17, 1899, was the sum of $1,636.35; that at the time of the making of said deposit the defendant issued and delivered a pass-book to the said Elizabeth Thomsen and to said Louisa H. Wilson, and that they, when depositing the money and opening the account, instructed the defendant to pay, and the defendant agreed with them and each of them, to pay the said sum of money so deposited and entered in the said pass-book to whichever of them should demand and receipt for the same and produce the said pass-book.    That on the seventeenth day of July, 1899, the said Louisa H. Wilson produced the said pass-book and demanded and received from the defendant the sum of $1,616.35.

For a further and separate defense the defendant averred that on or about the said fourteenth day of September the money in controversy was deposited with the defendant by the said Elizabeth Thomsen in trust for the said Louisa H. Wilson, and was, in the event of the death of the said Elizabeth Thomsen, to be paid to the said Louisa H. Wilson, and that

at the time of the deposit of said money the said Elizabeth Thomsen gave and transferred all of said money and all of her interest therein, as well as her claims and demands against the defendant in respect thereof, to the said Louisa H. Wilson.

The undisputed facts of the case as developed upon the trial are in substance these: On the fourteenth day of September, 1898, Elizabeth Thomsen had on deposit in two accounts with the defendant bank the sum of $1,697.34. On that day, accompanied by Louisa H. Wilson, she called at the bank of defendant, surrendered her bank-books and closed those particular accounts by withdrawing all of the money therein standing to her credit. Thereupon and in the presence and hearing of the said Louisa H. Wilson, she opened two new accounts with the bank which, at the request of Mrs. Thomsen, were entered upon the books of the bank in the name of "Elizabeth Thomsen or Louisa H. Wilson." The sum of $1,597.34 was placed to the credit of one of these accounts, and the sum of $100 to the credit of the other. Two new bank-books in the name of "Elizabeth Thomsen or Louisa H. Wilson" were issued and delivered into the personal possession of Mrs. Thomsen. Mrs. Wilson, it seems, went to the bank on this occasion at the request of Mrs. Thomsen. Mrs. Thomsen had previously said that she had some money in the bank, and that if anything happened to her she wanted the money to go to Mrs. Wilson. After withdrawing the money from the old accounts and before establishing the new accounts Mrs. Thomsen said to the bank clerk who waited upon her that she desired to sign over to Mrs. Wilson whatever money she (Mrs. Thomsen) had in the old accounts, so that if anything happened to her Mrs. Wilson "could take the pass-books and go to the bank and draw the money." The clerk, in reply to Mrs. Thomsen, clearly indicated that a deposit of the money in the joint name of the two women and upon the condition stated would be accepted by the bank, and thereupon the accounts were opened with the bank and entered upon its books in the form hereinbefore stated. Upon leaving the bank Mrs. Thomsen gave the pass-books to Mrs. Wilson, but later in the day, at the home of Mrs. Thomsen, the books were given into the possession of Mrs. Thomsen, who placed them in a trunk.

On July 16, 1899, Mrs. Thomsen died intestate. At the time of her death, as the record affirmatively shows, she had no living relations or next of kin in the state of California or elsewhere, and on the thirty-first day of July, 1899, letters of administration upon her estate were duly issued to the plaintiff herein. The bank-books in question were in the possession of Mrs. Thomsen at the time of her death, and they were taken from her effects on the morning of her death by the husband of Mrs. Wilson. On July 17, 1899, Mrs. Wilson appeared at the bank and, presenting the bank-books, demanded payment to her of the money entered therein. The bank complied with the demand upon the surrender of the books by paying to Mrs. Wilson the full sum of the deposits which, together with the accrued interest, totaled the sum of $1,729.99. Sometime during the day of July 17, 1899, there was served upon the defendant's secretary a notice from the public administrator, the plaintiff herein, not to make payment of these particular deposits to anyone but himself. The plaintiff, however, at that time had not been appointed the administrator of the estate of Mrs. Thomsen, and whether the notice which it was claimed was served upon the bank was served prior to or after the money was paid to Mrs. Wilson is not entirely clear. Incidentally it appears that Mrs. Thomsen on April 6, 1899, and without the knowledge of Mrs. Wilson, drew against the larger account in the sum of $39.91.

The trial court found that Mrs. Thomsen was at all times the individual owner of the money; that the pass-books in question had been originally delivered to Mrs. Thomsen and were at all times thereafter, and up to the time of her death, in her exclusive possession; that the deposit of the money was made by Mrs. Thomsen alone; that Mrs. Thomsen did not establish a trust in favor of Mrs. Wilson, that said money was not deposited with defendant upon trust to pay the same to Mrs. Wilson; that Mrs. Wilson never had any interest whatever in the money; that Mrs. Thomsen did not at any time make an assignment of her interest in the money to Mrs. Wilson; that the defendant never had any agreement with Louisa H. Wilson in relation to the said pass-books or said money so deposited, and that the defendant, prior to paying the money to Mrs. Wilson, was notified by the plaintiff that

the money belonged to the estate of Mrs. Thomsen, and to pay said money to no one but plaintiff. However, the trial court did find as facts: (1) That the pass-books in question were indorsed and inscribed ''Elizabeth Thomsen or Louisa H. Wilson, in account with the German Savings and Loan Society''; (2) That Louisa H. Wilson, on July 17, 1899, presented the said pass-books to defendant and demanded payment to her of the money entered and credited therein, and that the same, $1,729.99, was then paid to her by the defendant; (3) That at the time of the opening of the accounts and the delivery of the pass-books to said Elizabeth Thomsen she instructed the defendant bank to pay, and defendant agreed with her to pay, the money then deposited by her and any other money which she might deposit with the defendant to the credit of those particular accounts, to her or to Louisa H. Wilson upon demand of either accompanied by the pass-books.

As a conclusion of law from those findings of fact the trial court held that plaintiff was entitled to judgment for the sum of $1,729.99, together with interest thereon at the rate of seven per cent per annum from the seventeenth day of July, 1899. Judgment was entered accordingly for the sum of $2,392.33.

In support of this appeal counsel for defendant insists that a judgment upon the pleaded and proven facts should have been rendered for the defendant upon any one of the following grounds: (1) ''Mrs. Thomsen in her lifetime made a legal and valid gift to Mrs. Wilson of whatever interest she had in the moneys on deposit''; (2) ''If Mrs. Thomsen had any interest in the money deposited (as distinguished from having a claim or credit against the bank) she created a trust in favor of Mrs. Wilson, the terms of which were that the bank should pay to Mrs. Wilson alone upon the death of Mrs. Thomsen''; (3) ''The relation between the bank and Mrs. Thomsen and Mrs. Wilson was that of debtor and creditor. By the terms of the contract the debt was made payable to either. Payment to one was satisfaction as to both.''

The sum and substance of defendant's several contentions may be reduced to the one general proposition that the essential findings of fact are in direct conflict with the uncontradicted and undisputed evidence adduced at the trial.

The claim of the defendant that "Mrs. Thomsen in her lifetime made a legal and valid gift to Mrs. Wilson of . . . the moneys on deposit" does not require extended consideration. The evidence, upon that phase of the case, not only warrants, but fully supports, the finding of the trial court that Mrs. Thomsen did not make or intend to make an immediate gift of the money in controversy to Mrs. Wilson.

The mere form of the deposit was not, in and of itself, evidence of a completed gift; and the fact that Mrs. Thomsen at all times retained exclusive possession of the bank-books, as well as the right to withdraw at will, all or any portion of the money credited therein, is inconsistent with the theory that she made or intended to make a present and perfected gift to Mrs. Wilson. "Although the deposit was in the names of either, and either could draw therefrom as between themselves and the bank, this does not show a gift . . . " (*Robinson* v. *Mutual Sav. Bank,* 7 Cal. App. 642, [95 Pac. 533]); and a finding in this case that a gift had been fully created and executed during the lifetime of Mrs. Thomsen would have been clearly contrary to the evidence, and opposed to the rule of law in such cases established in this state. (*Dennigan* v. *Hibernia Savings etc. Soc.,* 127 Cal. 138, [59 Pac. 389]; *Dennigan* v. *San Francisco Sav. Union,* 127 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390]; *Estate of Hall,* 154 Cal. 532, [98 Pac. 269].)

It is the contention of the plaintiff that the transaction cannot be considered or treated as an executed trust, because Mrs. Thomsen never made a formal declaration of trust, or parted with control of the property claimed to be the subject of the trust. It is urged further that the defendant never formally accepted the trust. It is true that Mrs. Thomsen did not say, in so many words, that it was her purpose to deposit the money with the defendant bank in trust for Mrs. Wilson. It was not necessary, however, to the creation of a trust that Mrs. Thomsen should have technically and precisely declared her purpose and intent to create a trust, or that the bank, in order to be charged with the duties and responsibilities of a trustee, should indicate its willingness to undertake the trust by any formal words of acceptance; and the circumstance that Mrs. Thomsen retained the bank-books in her possession, with power to withdraw the whole

or any part of the deposits, would not affect the validity of the trust if one in fact was created. (*Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370] ; *Carr* v. *Carr,* 15 Cal. App. 480, [115 Pac. 261].)

The subject of the trust was personal property, and a voluntary trust in personal property may be created, as to the trustor, beneficiary and trustee by any words or acts of the trustor and trustee which indicate with reasonable certainty (1) an intention on the part of the trustor to create a trust; (2) the subject, purpose and beneficiary of the trust; and (3) the acceptance of the trust by the trustee. (Civ. Code, secs. 2221, 2222.) And all of the declarations of a trustor, made to the trustee in relation to the trust before its acceptance, save and except where the trust is declared in writing, are deemed part of the declaration of trust. (Civ. Code, sec. 2254.)

The facts and circumstances of the whole case, in our opinion, are not only not inconsistent with, but fully sustain, the defendant's theory and pleaded defense that the transaction, in its entirety, was intended by all of the parties thereto to be, and was in legal effect, a perfected trust. While, as heretofore indicated, the facts of the case would not have supported a finding that the transaction in question created, or was intended to create, either a gift *inter vivos* or *causa mortis* (Civ. Code, secs. 1146, 1147, 1149), yet we think, following the doctrine announced in *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], that the form in which the account in each instance was opened, and entered upon the books of the bank, coupled with all that was said and done by all of the parties to the transaction before and at the time the deposits were made, indicated with reasonable certainty the purpose and intent of Mrs. Thomsen to be that, upon her death, Mrs. Wilson, as the survivor, should have and take the money in question, or so much thereof as might then be remaining to the credit of each account.

In brief, it is our opinion that the evidence, which was entirely free from conflict, not only warranted but required a finding by the trial court that Mrs. Thomsen intended to create, and by her acts and declarations in conjunction with the acceptance by the defendant did in fact create, a voluntary trust in the money in question, with Mrs. Wilson as

the beneficiary, and the defendant as the trustee, and that upon the death of said Elizabeth Thomsen the said Louisa H. Wilson became entitled to have and receive from the defendant the said money.

The two cases of *Dennigan* v. *Hibernia Savings etc. Society,* 127 Cal. 138, [59 Pac. 389], and *Dennigan* v. *San Francisco Savings Union,* 127 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390], are strongly relied upon by the plaintiff to support the judgment in his favor. It is claimed that these cases not only dispose of the defendant's contention with regard to the gift feature of the case, but completely dissipate the claim that the transaction was in legal effect a trust. Those cases, upon the law and the facts, are readily distinguishable, upon the question of the creation of a trust, from the case at bar. As was said in a very recent case, the facts of which were not essentially different from the present case, "Under our theory of the case at bar it is obvious that these cases are not in point. There are no acts or language connected with the transactions which would furnish the slightest indication of an intention on the part of Ellen Dennigan to create out of the deposits a trust, either in favor of herself and husband or in favor of her husband alone. While, as seen, no certain form of words is required in the creation of a trust, there must nevertheless be some words—it matters not what they are—which indicate with reasonable certainty a purpose to create a trust. Nor is there anything decided in the Dennigan cases at cross-purposes with the proposition that a valid trust in money may be created with the power reserved by the trustor to practically revoke it by drawing on the trust fund until it is completely exhausted before the beneficiary can enjoy the fruits thereof." (*Carr* v. *Carr,* 15 Cal. App. 480, [115 Pac. 261].)

Much stress is placed by counsel for the plaintiff upon the fact that the defendant was notified not to pay the money to Mrs. Wilson. The question of notice, in the view we have taken of the case, is now of no consequence. If the defendant was, as we think the evidence clearly shows, a trustee of the fund in question, it was bound to follow the directions of the trustor and fulfill the purposes of the trust as declared at its creation (Civ. Code, 2258), and the defendant could not be relieved of, nor restricted in the per-

formance of, its obligation by a notice from a disinterested third person.

It follows from what has been said that the findings of the trial court are contrary to the evidence in so far as it is found to be a fact that a trust was not created in the money in question, and that Louisa H. Wilson did not have any interest therein. This conclusion necessitates a reversal of the judgment and the order denying the defendant's motion for a new trial, and makes it unnecessary for us to discuss or decide the remaining question as to whether or not the relation between the bank and the other parties to the transaction was that of debtor and creditor, and created a contract, by the terms of which a payment of the debt to either Mrs. Thomsen or Mrs. Wilson would have been a satisfaction of the debt as to both.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 25, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 25, 1911.