[Civ. No. 1212. First Appellate District.—May 13, 1913.]

THE PEOPLE by U. S. WEBB, Attorney-General, Upon the Complaint of HERMAN SILVER et al., as Bank Commissioners, Plaintiffs, v. CALIFORNIA SAFE DE-POSIT & TRUST COMPANY (a Corporation), et al., Defendants.

FREDERICK AUGUSTUS WICKERSHAM, a Minor, by Mary Catherine Dowler, His Guardian, Appellant, v. CALIFORNIA SAFE DEPOSIT & TRUST COMPANY (a Corporation), et al., Respondents.

BANKS AND BANKING—TRUST FUNDS—RIGHTS OF BENEFICIARY—SECUR-ITIES DEPOSITED WITH STATE TREASURER.—The deposit of money in the savings department of a deposit and trust company, by an executrix in accordance with the terms of the will and the decree of distribution, to be held for a minor until his majority, when it is to be paid over to him with the accumulated interest, creates a trust protected by the securities required by law (Stats. 1891, p. 490) to be deposited with the state treasurer by such corporation for the benefit of its creditors.

Id.—Payment of Interest—Whether Inconsistent With Trust.—
The payment of interest directly by the corporation for the use
of the money does not militate against the theory that the money
was held in a trust capacity under the statute.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Campbell, and David L. Levy, for Appellant.

De Laveaga & Magee, for Respondents.

HALL, J.—Appellant, by his general guardian, filed a
petition in the proceedings in insolvency and liquidation pend-
ing against the California Safe Deposit & Trust Company,
a corporation, to obtain a decree determining that he is en-
titled to share in the proceeds to be realized out of certain
mortgages, executed and made by said ''Trust Company to the
treasurer of the state of California, under the provisions of
the act entitled 'An act authorizing certain corporations to
act as executor and in other capacities, and to provide for and
regulate the administration of trusts of said corporations,' ''
(approved April 6, 1891, [Stats. 1891, p. 490], and amended
from time to time thereafter.  See Appendix to Deering's
Code, ed. of 1909, p. 800.)

The ''Trust'' company, the receiver, and the state treasurer
were made parties to the petition.

The receiver of said ''Trust'' company filed a general de-
murrer to appellant's petition, which the court sustained;
and petitioner declining to amend his petition, judgment was
thereupon entered against petitioner dismissing his petition.
From this judgment petitioner in due time appealed to this
court.

The ''Trust'' company ever since its incorporation in 1882
has been authorized by its articles of incorporation to accept
and execute trusts of every description.  In 1887 it amended
its articles so as to also authorize it to act as executor, ad-
ministrator, guardian, assignee, receiver, depositary and
trustee; and in July, 1896, it again amended its articles so as

to authorize it to also transact a general commercial and savings bank business.

The demurrer presents the question as to whether or not the facts pleaded are such as establish between appellant and the trust company any such relation of beneficiary and trustee as entitles him to any benefit under the securities deposited with the state treasurer under the act above mentioned.

J. G. Wickersham died June 20, 1899, leaving a will executed November 12, 1896, which among other things contained the following provision:

"It is my wish and desire that my grandchildren should be remembered, and therefore request that there be deposited in the Savings Department of the Cal. Safe Deposit and Trust Co., of San Francisco, Cal., in trust for the benefit of my grandson and namesake, son of my son Frank, the sum of one thousand dollars, with the accumulated interest to be paid upon his arriving at the age of twenty-one—and five hundred dollars to each of my granchildren on same conditions, in case of death of any one that part to go equally to the survivors."

In the decree of distribution, after providing for the disposition of the bequest for the grandson and namesake of testator, it is provided as follows:

"There is distributed to the other grandchildren of the said J. G. Wickersham, deceased, severally, the sum of five hundred dollars ($500.00) to wit:

"To Jane Elizabeth Wickersham, daughter of Fred A. Wickersham, the sum of five hundred dollars ($500.00);

"To Frederick Augustus Wickersham, son of Fred A. Wickersham, the sum of five hundred dollars (($500.00) . . . which sums respectively shall be deposited in the California Safe Deposit & Trust Company of San Francisco, state of California, to be paid to them severally with the accumulated interest on arriving at the age of majority"—with a direction for the payment of the share of any one dying before majority among the survivors of such grandchildren.

In accordance with such decree the executrix of said will deposited with the California Safe Deposit & Trust Company the sum of five hundred dollars in gold coin, to be paid to Frederick Augustus Wickersham on his attaining majority, on August 17, 1917; and at the same time a written memorandum of the transaction was made. This was indorsed "Trust

Agreement.'' The first part was signed by the executrix and was directed ''To the California Safe Deposit & Trust Company,'' and recited the will in full, the making of the decree of distribution and the parts thereof providing for the distribution of the bequests for the benefit of said grandchildren, and a statement that said executrix deposited with said California Safe Deposit & Trust Company the sum of five hundred dollars in United States gold coin ''to be paid to Frederick Augustus Wickersham, son of Fred A. Wickersham, deceased, with interest which will accrue thereon at the rate and according to the usage and custom of the said California Safe Deposit & Trust Company, said principal sum with the accumulated interest thereon to be paid in like gold coin on the 17th day of August, 1917, to the said Frederick Augustus Wickersham, who will on said date reach the age of majority, provided, that if the said Frederick Augustus Wickersham shall die prior to the said 17th day of August, 1917, then the principal sum and interest shall be paid in gold coin in accordance with the terms and conditions of the said last will and testament, and the said decree of distribution of the estate of said J. G. Wickersham, deceased.''

The second part of the memorandum was signed by the trust company, and acknowledges the receipt from said executrix of the sum of five hundred dollars in United States gold coin, ''for and in behalf of Frederick Augustus Wickersham, son of Fred. A. Wickersham, deceased, to be paid in accordance with the terms and conditions hereinbefore set forth.''

''The terms and conditions hereinbefore set forth'' are of course the terms and conditions contained in the first part of the memorandum, signed by the executrix.

From the foregoing it is perfectly clear that the trust company accepted the deposit of five hundred dollars from the executrix of the will of J. G. Wickersham, deceased, to hold and keep the same for Frederick Augustus Wickersham until he shall arrive at majority, at which time the said money, together with the accumulated interest according to the terms of the agreement was to be paid said Frederick Augustus Wickersham. Until such time no part of the money could be withdrawn either by the depositor or the beneficiary. The money was to be held for the beneficiary by the trust company until his majority, when it was to be paid over to him,

with the accumulated interest. Such was clearly the intention of the testator. The same intent is manifested in the decree and fully expressed in the "trust agreement" executed by the executrix and the trust company.

There was thus shown an intention to create a trust, by the trustor, the subject, purpose and beneficiary of the trust, and an acceptance of such trust by the trustee. This created a trust. (Civ. Code, secs. 2221 and 2222; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370]; *Elizalde* v. *Elizalde,* 137 Cal. 634, [66 Pac. 369, 70 Pac. 861]; *Sprague* v. *Walton,* 145 Cal. 228, [78 Pac. 645]; *Carr* v. *Carr,* 15 Cal. App. 480, [115 Pac. 261]; *Drinkhouse* v. *German S. & L. Soc.,* 17 Cal. App. 162, [118 Pac. 953].)

While it is quite clear that a trust was created in the money in question, of which Frederick Augustus Wickersham is the beneficiary and the trust company is the trustee, it is still insisted that the trust thus created is not such a trust as is contemplated by the act of 1891, and secured by the securities required under the act to be deposited with the state treasurer.

While the solution of this question is not entirely free from difficulty, we think the trust set forth in the petition is such a trust as is protected by the securities required to be given by the act.

The first section of the act provides that "Any corporation which has or shall be incorporated under the general incorporation laws of this state, authorized by its articles of incorporation to act as executor, administrator, guardian, assignee, receiver, depositary or trustee . . . may be appointed to act in such capacity in like manner as individuals." Sections two and three empower any court, having jurisdiction of any executor, administrator, guardian, assignee, receiver, depositary or trustee, to order money held by such trustee, deposited with such corporation, to be paid out only upon the orders of said court. Section three authorizes any public administrator to deposit money in his hands in such capacity with such corporation, to be drawn by his order, countersigned by the judge of the superior court.

Under these latter sections, two, three, and four, the corporation is made a depositary only. It is section one that authorizes its appointment in the other enumerated capacities.

Section 5 provides that no bond or security shall be required of such corporation "in case of any appointment hereinbefore provided for, except as hereinafter provided." By subsequent sections (7 and 8) provision is made for giving of security to the state treasurer "for the benefit of the creditors of said corporation."

It may be conceded that such creditors are only such as become creditors in respect to some appointment provided for in the act. But the appointment of such corporation to act as trustee of trust funds for a beneficiary is an appointment provided for in the first section of the act. The will in this case, when it directed that the money should be deposited with the trust company "in trust for the benefit of my grandson," to be paid when he should reach majority, in effect appointed the trust company a trustee to hold such money for such beneficiary. The direction that it be deposited in the savings department is only significant as indicating that the trust company might use the money and pay the usual interest thereon. But this is allowed by the very terms of the act. Section 6 provides, "Such corporations shall pay interest upon all moneys held by them by virtue of this act at such rate as may be agreed upon at the time of its acceptance of such appointment, or as shall be provided by the order of the court." The payment of interest directly by the corporation for the use of the money does not militate against the theory that the money was held in a trust capacity under the act.

The appointment contained in the will is confirmed by the decree of court; for, while the decree does not describe the corporation as a trustee, or in express words declare that the money is to be held in trust, yet when read as a whole it is clear that under the decree the corporation is to hold the money for the beneficiary until he reaches majority, and in the mean time it cannot be withdrawn, either by the beneficiary or the depositor. The money is to be held in trust. By the "trust agreement" the trust company accepted this trust. The provision in the trust agreement for the payment of accumulated interest "at the rate and according to the usage and custom of the said California Safe Deposit and Trust Company" does not convert the deposit into an ordinary savings deposit. This provision is in strict accord with

the provision of section six of the act in question which provides for the direct payment of interest on trust money.

The trust company was thus appointed trustee, to take and hold this money until the beneficiary should reach majority.

It seems to be just such a trust as the act intended should be protected by the securities required to be deposited with the state treasurer.

It follows that the court erred in sustaining the demurrer, and the judgment is therefore reversed.

Lennon, P. J., and Kerrigan, J., concurred.