JOHN HEERMANS, Trustee, etc., Appellant, v. S. STEWART ELLSWORTH, Respondent.

64   159
169   ¹428

It is the duty of an assignee of a non-negotiable chose in action, in order to protect himself against a payment by the debtor to the original creditor, to notify the former of the assignment; and in an action upon the demand where such a payment is established, the burden of proving notice prior to payment is upon the plaintiff.

One F. transferred to plaintiff by deed in trust, among other things, a demand against defendant for money loaned. F. subsequently brought suit against plaintiff to set aside the trust, in which action defendant was sworn as a witness. Plaintiff succeeded in the litigation. In an action upon the claim defendant proved payment to F. Plaintiff requested the court to charge that the pendency of said action brought by F. was constructive notice to defendant of the existence of the trust deed. The court refused so to charge. *Held*, no error; that whether defendant had notice of the character of the action sufficient to put him upon inquiry was a question of fact for the jury.

(Argued January 25, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below 5 T. & C., 605; 3 Hun, 473.)

This action was brought by plaintiff as trustee claiming under a deed in trust executed by one Joseph Fellows of his property, real and personal, to recover a balance of account for moneys loaned by said Fellows to defendant.

The defence was payment, and defendant proved payment to Fellows after the execution of the trust deed. Prior to the payment an action was brought by Fellows against plaintiff to revoke the trust deed. Defendant was subpœnaed and examined as a witness therein. Other evidence on plaintiff's part tended to show notice. Defendant testified that at the time of the payment he had no knowledge or notice of the trust deed.

Upon the question of notice the court charged as follows: "The burden of proof is upon the plaintiff upon this question, and it is incumbent upon him to establish the fact of notice by a fair preponderance of evidence. If the testimony is simply balanced, the defendant is to prevail." To which charge plaintiff's counsel duly excepted. Said counsel requested the court to charge that the burden of proof was upon the defendant, to show that the payment was made without notice and in good faith. The court refused so to charge, and the plaintiff's counsel duly excepted. Said counsel also asked the court to charge that the pendency of the action between Fellows and plaintiff was constructive notice to the defendant and conclusive upon him in this action. The court refused so to charge, and said counsel duly excepted.

*A. Hadden* for the appellant. The defence of payment was an affirmative one, and the burden of proof was upon the party asserting it. (*Hollister* v. *Bender*, 1 Hill, 150; *Williams* v. *Walker*, 2 Sandf., 333; *Simson* v. *Hart*, 14 J. R., 73; *Wakeman* v. *Grover*, 4 Paige, 23; *Bush* v. *Lathrop*, 22 N. Y., 550.)

*Geo. B. Bradley* for the respondent.    The onus was upon plaintiff to show that defendant had notice of the transfer. (*Meghan* v. *Mills*, 9 J..R., 64; *Anderson* v. *Van Allen*, 12 id., 343; *Briggs* v. *Dorr*, 19 id., 343; *Say* v. *Dascomb*, 1 Hill, 552; *Field* v. *Mayor, etc.*, 2 Seld., 179, 188; *Leitch* v. *Wells*, 48 N. Y., 585, 586, 604, 605, 693, 694.)

MILLER, J.    There was no error in the charge of the judge upon the trial, that the burden of proof was upon the plaintiff, upon the question of notice, and that it was incumbent upon him to establish the fact of notice; nor in the refusal to charge that the burden of proof was upon the defendant to show that the payment was made without notice and in good faith. The debt was due to Fellows, and he being the creditor, it is a fair legal presumption that such creditor was lawfully entitled to receive payment.    If an assignment was made by Fellows to the plaintiff, it was the duty of the assignee to establish that the debtor was notified in order to protect himself against any payment to the original creditor.    This rule is fully established by authority.    (See *Meghan* v. *Mills*, 9 J. R., 64; *Anderson* v. *Van Allen*, 12 id., 343; *Briggs* v. *Dorr*, 19 id., 95; *Say* v. *Dascomb*, 1 Hill, 552; *Field* v. *The Mayor*, 2 Seld., 179.)    At common law an action to recover upon an instrument not negotiable, was necessarily brought in the name of the original owner or payee, and if payment was pleaded it was not enough that the replication denied the payment, without averring both the assignment and notice of the transfer before payment.    (19 J. R., 95; 1 Hill, *supra*.) Unless this was done the pleading was insufficient and the proof could not be given.

Proof of payment to the creditor establishes a complete defence, and when this is made out it belongs to the other side to answer or avoid it by evidence of the assignment of the demand and notice thereof to the debtor.    As he alleges that the payment was not made to the proper person he is bound to establish it.    It is entirely evident that the onus is upon him and he has the affirmative upon such an issue.

*Hollister* v. *Bender* (1 Hill, 150) is not in conflict with the rule stated. As there said, the substance of the allegation to be tried determines where the onus lies, and as the assignment and notice were the very essence of the plaintiff's right to recover, the burden was upon him. There is no principle of pleading which can disturb or alter the rule laid down. Nor is there any ground for claiming that the necessity for such a rule no longer exists, since parties are allowed to be witnesses on their own behalf. This furnishes no sufficient or satisfactory reason for changing a rule of evidence long established and which is founded upon a settled principle.

The remarks of the learned judge who wrote the opinion in *Bush* v. *Lathrop* (22 N. Y., 535) have no direct bearing upon the question considered, as that case is not analogous.

Nor was there any error in the refusal to charge the jury that the pendency of the action between Fellows and Heermans was constructive notice to the defendant of the existence of the deed. It is not claimed that it operated as a notice of *lis pendens* strictly, and whether the defendant had notice of the character of the action so as to put him on inquiry, from the fact of his being sworn as a witness in the case, or from any other circumstances, was a question of fact for the jury to determine. The discussion already had disposes of the case and no other question is presented which demands comment.

The judgment was right and should be affirmed.

All concur.

Judgment affirmed.