CHARLES F. WANZER, APPELLANT, v. SARAH CARY AND OTHERS, RESPONDENTS.

*Mortgage — assignment of — payment by mortgagor without notice of.*

September 26, 1870, Shurter and Seaman agreed to sell to Cary and Longshore certain real estate for $12,000, $2,000 of which was to be paid in cash. Upon the execution of the contract the purchasers took possession of the land and paid $500 in cash, and delivered a mortgage executed by Cary and wife on other real estate for $1,500. In October, 1870, the mortgagees assigned the mortgage to one Gedney, and subsequently, after various other assignments, the same was on April 16, 1874, duly transferred to the plaintiff. The mortgagors had no notice of any assignment until December, 1873. In February, 1871, Cary and Longshore gave up the property to Shurter and Seaman, and the latter in consideration thereof agreed to cancel the said mortgage.

In an action to foreclose the mortgage, *held*, that it was canceled and satisfied by the act of Shurter and Seaman in taking back the property purchased and by the agreement then made by them.

APPEAL by plaintiff from a judgment entered upon the trial of this action by the court without a jury, dismissing the complaint and directing the mortgage therein described to be canceled.

The action was brought to foreclose a mortgage. From the finding of the justice, before whom the action was tried, it appeared that on the 26th day of September, 1870, James E. Shurter and George A. Seaman entered into a contract with Samuel Cary and Abraham Longshore, whereby they agreed to sell certain real estate in the town of Fishkill to said Cary and Longshore for $12,000, to

be paid as follows: $2,000 on the execution of the contract, $200 on the 1st day of November, 1870, and $200 on the first of each and every month thereafter until $6,000 was paid, when the deed was to be given and a mortgage taken for the balance of the purchase-money. When the contract was executed, Cary and Longshore paid in cash $500 and delivered to said Shurter and Seaman a bond and mortgage executed by Cary and wife on certain other real estate in Matteawan, Dutchess county, for $1,500, as collateral security for the payment of the balance of the said $2,000. The bond and mortgage was made payable in two years from the date thereof, with interest to be paid half yearly. The said contract and the said bond and mortgage were executed and delivered the day they respectively bore date. The said Cary and Longshore on the date of the contract entered into the possession of the premises described therein.

On the 1st day of October, 1870, said Shurter and Seaman duly assigned said bond and mortgage to Eleazer Gidney, of Newburgh, and the same were, by said Gidney, on the 10th day of December, 1873, duly assigned to John H. Deyo, and on the 16th day of April, 1874, were duly assigned to Charles F. Wanzer, the plaintiff in this action.

Cary and Longshore held the premises in question about six months, and then gave it up to Shurter and Seaman; and in consideration thereof, the said Shurter and Seaman agreed to cancel the said mortgage and took possession of the property under such agreement. The defendants, the mortgagors, were not notified of any transfer of the mortgage until December, 1873. In this action, brought for the foreclosure of the mortgage, none of the defendants appeared except Sarah Cary, who has answered and alleges in her answer that said bond and mortgage was delivered to said Shurter and Seaman as collateral security for the first payment of $2,000 mentioned in said contract, and that the same was canceled by the agreement hereinbefore set forth.

*H. H. Hustis*, for the appellant.

*C. P. Dorland*, for the respondent.

GILBERT, J.:

The legal effect of the retransfer to Shurter and Seaman by Cary and the accompanying agreement under which such retransfer was made is the same, whether such transaction is treated as a technical payment or an accord and satisfaction of the mortgage debt. Neither Cary nor the mortgagor (his wife) who made the mortgage at his request and for his accommodation, having received any notice of either of the assignments of the mortgage, they had a right to deal with Shurter and Seaman, the mortgagees, on the faith of their continued ownership of the mortgage. There can be no doubt that their agreement to take back the property, which was the consideration of the mortgage and to satisfy the latter, was an extinguishment of the mortgage debt. The only way by which an assignee of a mortgage can protect himself against a payment of the mortgage debt to his assignor, in money or *sub modo*, is by giving notice of his assignment to the mortgagor. If such notice is not given a payment in either mode to such assignor is as valid and effectual as if it had been made to the assignee of the mortgage. (*Van Keuren* v. *Calkins*, 4 Hun, 159; affirmed by Court of Appeals; *Harmans* v. *Ellsworth*, 64 N. Y., 159.)

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not acting.

Judgment affirmed, with costs.