[Civ. No. 1829.   First Appellate District.—May 19, 1916.]

JULIA McCARTHY, Respondent, v. PATRICK HOL-
LAND, as Administrator, etc., Appellant.

JOINT TENANCY—TRANSFER OF SAVINGS BANK ACCOUNT—RIGHT OF
SURVIVORSHIP.—Where a depositor of money in a savings bank,
while ill, and about a month previous to her death, executes and
delivers to her niece, for whom she had great affection and regard,
a writing directing the bank to transfer the account to an account
in the names of herself or such niece, "payable to either or to the
survivor," and accompanies such delivery with the pass-book, and on
the following day the bank upon presentation of such document and
the pass-book makes a transfer of the account as directed, and
issues a new pass-book which the aunt directs the niece to keep,
and on the same day the niece makes a withdrawal from such ac-
count for her own personal use, with the knowledge and concur-
rence of the aunt, such writing, and the acts and conduct of the
parties at the time of and after its execution, constitute the parties
joint tenants of the fund with the right of survivorship in the
niece upon the death of the donor.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. E. Cashman, and J. J. Dunne, for Appellant.

William A. Kelly, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
favor of plaintiff, and from an order denying a new trial in
an action originally commenced against the Hibernia Sav-
ings and Loan Society to recover a sum of money on deposit
with that institution, and by which the defendant Patrick
Holland, administrator, etc., was interpleaded upon his as-
sertion of an adverse claim to said deposit.

The facts of the case are substantially undisputed and may
be summarized as follows: Julia McCarthy, the plaintiff
herein, was the niece of Mary Anne Holland, and between
them existed strong ties of confidence and affection.   On and
prior to April 20, 1911, Mary Anne Holland was the owner

as her separate property of a sum of money in excess of six thousand dollars, which was on deposit with the Hibernia Savings and Loan Society. On said last-named day Julia McCarthy was at the home of Mary Anne Holland, who was quite ill and who, in fact, had but a short time to live, when the latter caused a notary public to be called for, and upon his arrival, and in his presence, executed and delivered to the plaintiff the following writing:

"San Francisco, Cal., Apr. 14, 1911.
"The Hibernia Savings & Loan Society, San Francisco, Cal.
"Gentlemen.—

"Please transfer the balance due on my account No. 193–352 to an account in the names of Mary Anne Holland or Julia McCarthy, payable to either or to the survivor.

"Mary Anne Holland.
"Witness: A. G. Sala.          414859
her
"Julia X McCarthy.
mk.
"Witness: Scully."

At the time of the delivery of this document to the plaintiff, Mary Anne Holland stated to her, and to those present, that she wanted Mrs. McCarthy to have the money which was on deposit with the Hibernia Bank, expressing at the same time her affection and regard for her; and she also and on that day handed to her the pass-book showing the fact and the amount of the deposit. On the following day the plaintiff presented to the Hibernia Savings and Loan Society the above document, together with the pass-book of Mary Anne Holland, and thereupon the bank closed the individual account of Mary Anne Holland and opened a new account, in which the sum on deposit formerly to the credit of Mary Anne Holland was made payable to "Julia McCarthy or Mary A. Holland, to either or to the survivor of them." The bank also issued and delivered to the plaintiff a new pass-book showing such deposit, which the plaintiff carried back to Mrs. Holland, who directed her to keep it. On the same day the plaintiff drew from said account the sum of five hundred dollars, which she applied to her own uses with the knowledge and full concurrence of Mrs. Holland. On the 7th of May, 1911, Mary Anne Holland died, and there-

after Patrick Holland was appointed administrator of her estate, and as such administrator made demand upon the Hibernia Bank for the amount of said deposit. This demand caused the bank to withhold the money from both claimants until this suit was brought, when it relieved itself from liability by its interpleader of the parties. Patrick Holland, as administrator of the estate of Mary Anne Holland, deceased, having been thus substituted as party defendant, filed an answer and cross-complaint, setting up title to the deposit in question. Upon the issues thus joined plaintiff recovered judgment, and from it, and the order denying the motion for a new trial, this appeal has been taken.

The appellant devotes the larger portion of his brief to the contention that the evidence does not sustain the finding of the court that it was the intention of Mary Anne Holland on the date of the instrument in question, to transfer to Julia McCarthy the money in the Hibernia Bank at the time and by means of the execution and delivery of the said instrument; but in this we think the appellant is in error, and that there is ample evidence that such was her intention, and that the relation of the parties was such as to make it desirable and proper that such intention should be given effect if a fair construction of the instrument in question will produce that result.

The appellant, however, insists that the writing cannot be given such construction, for the reason that it shows upon its face, and as construed in the light of the subsequent conduct of the parties to it, that Mary Anne Holland did not surrender dominion and control over the fund in question to such an extent as to satisfy the requirements either of a valid gift *inter vivos,* or of a trust in said fund for plaintiff's benefit, citing numerous cases in support of such contention. We are of the opinion, however, that the case of *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], as recently adopted and applied by this court in the case of *Drinkhouse* v. *German Sav. & Loan Society,* 17 Cal. App. 162, [118 Pac. 953], has direct application to the case at bar, and that the instant case presents an even stronger claim for the application of the principles therein enunciated than either of the foregoing cases, and brings this case practically within the reasoning and conclusions of Chief Justice Beatty in the case of *Sprague* v. *Walton,* 145 Cal. 228–233, [78 Pac. 645].

The plaintiff herein was put in a position which enabled her to withdraw from the Hibernia Bank the entire amount of this deposit if she so desired during the lifetime of Mary Anne Holland; and that it was the undoubted intention of said Mary Anne Holland that the plaintiff should have such absolute control over these funds is evidenced, not only by her acts and statements at the time of the transfer, but afterward, when she was informed by the plaintiff that she had withdrawn a portion of the fund and applied the same to her own individual uses.

We are further of the opinion that the evidence educed at the trial brings this case within the purview and intent of section 16 of the Banking Act (Stats. 1911, p. 1003); and that the writing in question, taken in connection with the acts and conduct of the parties at the time of and after its execution, was sufficient to constitute the plaintiff and Mary Anne Holland joint tenants in said fund with the right of survivorship in the latter upon the death of the donor. In such case her title to the whole of said deposit at the time this action was brought would be complete (*Clary* v. *Fitzgerald,* 155 App. Div. 659, [140 N. Y. Supp. 536]).

For the foregoing reasons we are of the opinion that the judgment is supported by the evidence, and that the court otherwise committed no error justifying the granting of a new trial.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1916.