of the signature and a demand that it be proved. Such denial and demand by a defendant may be included in his answer."

While the answer herein denies the making of the contract alleged in the complaint, it does not demand that the signature to the contract, which is pleaded and annexed to the complaint herein, be proved, as required by section 92. The party sought to be charged with said contract is the defendant herein, not Hillman, and the contract alleged purports to bear the signature of the defendant. Defendant having failed to comply with the provisions of section 92, its signature to said alleged contract must, for the purpose of the trial of this action, be deemed the genuine and authentic signature of the defendant. Plaintiff proved the making of a valid contract, binding upon the defendant, and a subsequent breach thereof, with damage to plaintiff. This established a good cause of action, and the dismissal of the complaint was error.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

BIJUR, J., concurs in result.

---

(95 Misc. Rep. 670)

ROYAL INDEMNITY CO. v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County. June 27, 1916.)

1. ASSIGNMENTS ⬳57—NOTICE TO DEBTOR.
    Where the defendant street railroad company had actual notice, or facts sufficient to put it on inquiry, that an assignment of a claim against it for damages to property had been made to plaintiff insurance company, although formal notice of the assignment was not given, a release given by the assignor of the claim for damages to property was not valid as against plaintiff.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. ⬳57.]

2. ASSIGNMENTS ⬳57—VALIDITY—NOTICE TO DEBTOR—AUTHORITY TO RELEASE.
    While separate actions, one for damages to property and one for personal injuries, may be brought by the same party, it being customary to join such demands in one action, that an action against defendant street railroad for its negligence in striking an automobile was for personal injuries only was a circumstance to put defendant on inquiry as to what had become of the claim for damages to the automobile for which it obtained a release from the assignor.
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. ⬳57.]

Appeal from City Court of Buffalo.

Action by the Royal Indemnity Company against the International Railway Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Clinton B. Gibbs, of Buffalo, for appellant.

Norton, Penney, Spring & Moore, of Buffalo (Harold S. Brown, of Buffalo, of counsel), for respondent.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WHEELER, J.  One J. F. Kulp was the owner of an automobile. The plaintiff issued to him a policy of insurance, in which, among other things, the insurance company agreed to indemnify the insured against loss or damage to his automobile caused by collision.  During the life of the policy, Kulp had a collision with a street car of the defendant, in which the automobile was damaged, and he himself sustained certain personal injuries.  The insurance company settled with Kulp for the damage to the automobile.

The policy of insurance provided, among other things, that the insurance company should be subrogated to all the rights which said Kulp might have against any other person or other entity by reason of loss or damage, and that the insured should on request execute any and all papers necessary to secure to the insurance company such rights.  Accordingly, on the adjustment and settlement of the damages to the automobile, Kulp by an instrument in writing duly assigned and transferred to the insurance company any and all claims and demands which he had or might have against others by reason of the damage to said automobile, and subrogated the insurance company to his rights against said parties, expressly reserving from the operation of such assignment any claim he might have against any person or corporation for personal injuries sustained in said collision.

Subsequently Kulp began an action in the Supreme Court against the International Railway Company to recover for his personal injuries, on the ground of the alleged negligence of that company.  This cause came on for trial, and before its termination the parties to that action settled the same out of court.  The International Railway Company on that settlement procured Kulp to execute to it a formal written release.  This release was upon a printed blank used by that company, and by its terms released the railway company from all claims or demands which said Kulp had "or may at any time heretofore have had  * * *  *either to person or property*" by reason of said collision and "for which an action is now pending in the Supreme Court, Erie County, which is to be discontinued."  Doubtless this release is broader in its terms than was intended, and that it was simply the purpose of the parties to it to release the claim for personal injuries, when in fact it, in form, released those to "property" as well.  This, however, is not an action to reform the release, and on this appeal we must accept the release as we find it.

Subsequently the insurance company began this action in the City Court of Buffalo to recover the damages sustained to the automobile (which claim had been assigned to it as stated) on the ground of the alleged negligence of the railway company in causing the collision. The defendant set up and proved the release to the railway company as a bar to the action.  The International Railway Company admitted that its negligence caused the collision; but the trial court dismissed the plaintiff's complaint on the express ground that the plaintiff had failed to give notice to the railway company of the assignment to the plaintiff of the cause of action alleged in the complaint prior to the execution and delivery by Kulp of his release to the railway company, and that therefore such release constituted a complete bar to any recovery in this action.

In this disposition of the case I am of the opinion that the trial court erred, for the reason that the evidence in the case shows that, even though the insurance company may not have given formal notice of the assignment to it, nevertheless the railway company had actual notice of its existence, and did not act in ignorance of its existence, or of the claim of the insurance company. It is undoubtedly the law that, where a settlement is made in ignorance that a claim or demand has been assigned (except in cases of negotiable instruments), such a settlement will fully protect the party making it from the demands of the assignee. Heermans v. Ellsworth, 64 N. Y. 159.

But in this case I am of the opinion that the railway company had actual notice. The plaintiff called as a witness in its behalf in the trial in the court below the attorney and counsel for Kulp, who brought and tried his action for personal injuries in the Supreme Court, and who negotiated the settlement of the case then on trial with the claim adjuster of the railway company. He testified, in substance, to his connection with the personal injuries action and its settlement, which, so far as the talk leading up to it is concerned, related entirely to the action for personal injuries he had in charge; that he told the adjuster he would settle the suit for $3,000, and the adjuster told him the company would pay that sum; that in the course of that conversation the adjuster stated to him—

"that there was a claim against the company for damages to the automobile, * * * and that the adjuster said, if he settled this case with me, he wanted me to be neutral on the claim, whoever had the claim—it was some insurance company, I think—for damages to the automobile; that is, he didn't want me to aid them. We had collected considerable testimony, and I believe Mr. Farrell asked me for the names of my witnesses, so they would be available to him for the suit which I understood was to come up in the City Court as to the claim for damages. * * * I remember Mr. Farrell spoke to me about another suit pending, and he wanted me to be neutral in the matter, and I told him I would be. I told him I would not assist the insurance company."

[1, 2] This testimony was not in any way contradicted. In fact, the defendant offered no evidence whatever on the trial. We must assume the evidence true. The only fair inference to be drawn from this testimony is that the railway company had knowledge that a claim for damages to the automobile was outstanding and held by the insurance company, or some one else than Kulp, and that it was further understood that the settlement with Kulp for personal injuries would not dispose of the claim for damages to the automobile; otherwise, there was no occasion for any understanding with the counsel trying the action for personal injuries that when the claim for damages to the automobile came on that he would not assist the holder of that claim. While, doubtless, separate actions, one for damages to property and another for personal injuries, might be brought by the same party, nevertheless it is customary to join such demands in one action, and the fact that Kulp's action against the railway company was simply for personal injuries was a circumstance in and of itself sufficient to put the railway company on inquiry as to what had become of the claim for damages to the automobile.

It is claimed by the defendant that nothing short of actual notice,

given by the insurance company or by Kulp, of the assignment by Kulp to the insurance company, would accomplish the purpose. I do not concur in this contention. It is sufficient that the defendant had knowledge that the assignment had been made, or had knowledge of facts sufficient to put it upon its inquiry. If it had such knowledge, no matter from what source the information came, it cannot claim to have acted innocently in settling for the property damages with Kulp. Brewster v. Carnes, 103 N. Y. 556, 9 N. E. 323.

In its last analysis it will be found that the rule giving a party the benefit of a settlement made in ignorance of an existing assignment is based on the doctrine of estoppel. No such benefit can or ought to be given, where a party acts with knowledge, and in defiance of others' rights undertakes to negotiate some settlement for the very purpose of defeating them. The rule is that, where a purchaser has knowledge of any fact sufficient to put him upon inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry and ascertained the extent of such superior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a bona fide purchaser. Williamson v. Brown, 15 N. Y. 354; Anderson v. Blood, 152 N. Y. 293, 46 N. E. 493, 57 Am. St. Rep. 515; Sweet v. Henry, 175 N. Y. 275, 67 N. E. 574; Kingsland v. Fuller, 157 N. Y. 511, 52 N. E. 562. This is true, whether a party purchases a release from liability for damages or is purchasing a piece of real estate.

The judgment should be reversed, and a new trial had in the City Court. Costs of this appeal to abide the event. The appellant asks this court to render final judgment for the plaintiff, which this court has doubtless the power to do under the recent amendment to the City Court Act (Laws 1916, c. 428); but we think it better, in view of all the circumstances, and the fact that the defendant relied on a defense which did not avail, to give the defendant the benefit of a new trial.

So ordered.