[Civ. No. 2031.   First Appellate District.—May 14, 1917.]

MARY E. WILLIAMS, Respondent, v. SAVINGS BANK OF SANTA ROSA (a Corporation), Defendant; ERNEST D. WOODMAN, as Executor, etc., Appellant.

TRUST—CHANGE OF FORM OF SAVINGS BANK ACCOUNT.—Where a depositor in a savings bank in carrying out her repeatedly expressed desire to so arrange her account that her sister with whom she had lived, and who had taken care of her in her invalid condition for many years, might, during their joint lives, draw on the account and receive the residue upon death without probate, handed the pass-book to her niece with instructions to take it to the bank and have the account changed in such a manner as to carry out her desires, and the bank, after being directed in writing by the depositor to add the sister's name to the account, entered the account in the book as subject to the check of either or the survivor of them, and the book was thereupon returned to the depositor, who, after examining it, expressed herself as greatly satisfied with the change, a trust was thereby created in the deposit for the benefit of the sister.

ID.—RIGHT TO DEPOSIT UNDER BANKING ACT.—Such a case also comes within the purview of section 16 of the Bank Act of March 1, 1909

(Stats. 1909, pp. 86–90), as amended in 1911 (Stats. 1911, p. 1003), making such persons joint owners in the deposit with the right of survivorship.

APPEAL from an order of the Superior Court of Sonoma County denying a new trial.  Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

R. L. Thompson, Wilson & Wilson, and P. L. Benjamin, for Appellant.

James W. Oates, and Gibson & Woolner, for Respondent.

KERRIGAN, J.—This is an action brought by plaintiff to recover a sum of money on deposit in the defendant bank, which deposit is also claimed by the defendant Woodman as executor of the will of Laura M. N. Huntoon, deceased. Plaintiff recovered judgment, and the appeal is by said executor from an order denying his motion for a new trial.

Mrs. Laura M. N. Huntoon died at the age of eighty years, being a widow and childless.  For a long time before her death she had been afflicted with paralysis and was able to get about only in a wheel-chair.  She had lived with the plaintiff at the latter's home for twelve years prior to her death, during all of which time she was taken care of by plaintiff, and by Mrs. Laura Cragin, plaintiff's daughter.  The tie that bound these women was very close and affectionate.  Mrs. Huntoon left a will dated about five years before the time of her death, by the terms of which she disposed of her estate, consisting of real and personal property estimated to be worth over one hundred and seventeen thousand dollars, dividing it among her heirs, viz., the plaintiff and some nephews and nieces.  A legacy of ten thousand dollars was left to the plaintiff, and a like legacy was given the appellant, who is a nephew of said deceased.  They also were each to receive under the terms of the will the residue of the estate.  At the time of her death the deceased had a deposit in the defendant bank.  Subsequent to making her will she had frequently expressed an intention to make provision for the plaintiff in addition to the one contained in that instrument.  It was her desire often repeated so to arrange certain savings bank accounts that the plaintiff could during their joint lives draw

on them just as she herself might do, and that upon her death any money remaining on deposit would go to the plaintiff without the necessity for probate. Accordingly, in the year 1912, she handed to her niece, Mrs. Cragin, the pass-book issued to her by the defendant bank, with instructions to take it to the bank and have the account changed in such a manner as to carry out her desires in the respect indicated. Mrs. Cragin followed these directions. The cashier of the bank, with whom Mrs. Cragin's interview was had, requested that Mrs. Huntoon's directions be put in writing, whereupon Mrs. Huntoon addressed a note to the bank as follows: "Will you please add my sister's name, Mrs. M. E. Williams, to my bank account, which will make it more convenient to me." Upon the receipt of this note the bank cashier entered the account in the pass-book as subject to the check of "Mrs. Huntoon or Mrs. M. E. Williams, either, or the survivor of them." The book was at once returned to Mrs. Huntoon, who, after examining it, commented upon that part of the bank's notation which referred to "the survivor," and expressed herself as greatly satisfied with the change in the account, saying that it was just what she wanted done.

Section 16 of the Bank Act of March 1, 1909 (Stats. 1909, pp. 86–90), as amended in the year 1911 (Stats. 1911, p. 1003), provides: "When a deposit with a bank shall be made by any person in the names of such depositor and another person or persons, and in form to be paid to either or the survivor or survivors of them, such deposit thereupon, and any additions thereto made by either of such persons upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the lifetime of all or any or to the survivor or survivors after the death of one or more of them, and such payments and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposit."

It appearing that the deceased did not surrender dominion and control over the funds in the bank, the facts of the case as narrated above would not support the theory of a valid gift; but we have no doubt under the authorities in this state that the circumstances related do show a trust in the deposit

33 Cal. App.—42

for the benefit of the plaintiff. In the case of *Drinkhouse* v. *German Sav. & Loan Society,* 17 Cal. App. 162, [118 Pac. 953], it was held that where a deposit was made in a savings bank in the name of the depositor and another person payable to either, in order, as declared by the depositor at the time of making it, that if anything happened to her such other person "could take the pass-book and go to the bank to withdraw the money," a trust was thereby created in favor of such other person in the residue of the deposit at the death of the depositor, notwithstanding that the latter retained exclusive possession of the pass-books, and the right to withdraw all or any portion of the deposit in her lifetime. (See, also, *McCarthy* v. *Holland,* 30 Cal. App. 495, [158 Pac. 1045].)

Moreover in this case we are of the opinion, as in the case last cited, that the evidence deduced at the trial brings it within the purview of section 16 of the Bank Act, *supra,* and was sufficient to constitute the plaintiff and the deceased joint owners in the deposit with the right of survivorship. A similar statute was so construed in New York (*Clary* v. *Fitzgerald,* 155 App. Div. 659, [140 N. Y. Supp. 536] ; *McCarthy* v. *Holland,* 30 Cal. App. 495, [158 Pac. 1045].) We think that the complaint stating, as it does, the facts of the case, is sufficient to enable the plaintiff to rely upon the theory that the deposit was for her benefit, as well as upon the theory that under the circumstances of the case she became the owner of the remainder of the deposit upon the death of Mrs. Huntoon according to the provisions of the section of the Bank Act set forth above.

The order is affirmed.

Lennon, P. J., and Richards, J., concurred.