In the Matter of the Judicial Settlement of the Accounts of HENRY I. GARLOCK, Executor, etc., of MARGARET A. GARLOCK, Deceased.

HENRY I. GARLOCK, as Executor, etc., of MARGARET A. GARLOCK, Deceased, Appellant, Respondent; FERDINAND FRANK and Others, Legatees, Respondents, Appellants.*

Fourth Department, November 5, 1937.

---

* Modfg. and affg. 159 Misc. 549. See, also, 157 id. 571.

*Jay T. Barnsdall, Jr.*, for the appellant, respondent.

*Stanley G. Falk*, for the respondents, appellants.

*Harold L. Bodamer*, special guardian, for the infant-respondents-appellants.

CROSBY, J.   This is an appeal from an order made in an accounting proceeding.   The executor filed a petition for a final accounting, together with his account and asked for a judicial settlement. Objections to the account were filed, and a trial had upon the issues so framed.   The practice followed is somewhat mystifying.   Whenever, upon the trial, an important question arose, the surrogate made a separate written decision.   One such decision, made and dated December 20, 1935, decided only that the executor personally was the owner of what had been a joint account in a certain savings and loan association.   On the same day that this decision was made an order was entered embodying the decision.   Five months later, and on May 22, 1936, another decision was made, construing section 18, subdivision 1, paragraph (f), of the Decedent Estate Law in its application to the provisions of decedent's will.   No separate order was made embodying this decision, and no decisions, in writing, were made other than those touching the two subjects mentioned. (See Surr. Ct. Act, § 71.)   Later, and on November 6, 1936, a so-called decree was entered readjudicating the matter covered by the first decision and order, adjudicating the matter covered by the second decision and also adjudicating many other matters litigated on the trial.   This so-called decree is the order appealed from.   That it is not intended as a final decree on accounting is clear.   It is in the nature of an interlocutory decree, though such, by name, is not known to surrogate's practice.   Where it adjudicates that the

husband, after electing to take his intestate share, pursuant to section 18 of the Decedent Estate Law, must take, toward such share, the real estate willed to him, the decree provides: " adjudged and decreed that Henry I. Garlock must accept the real estate devised to him at its fair value as of the date of the death of the testatrix * * * *said fair value to be hereafter determined by this court upon proper evidence.*" (Italics mine.)

Another indication that this is not a final decree upon accounting is found at the end of the decree where the account is summarized, and this language appears: " Leaving a balance on hand of $1,171.29. And it is further ordered that out of said balance the said executor * * * pay," etc., and then payments aggregating over $3,000 are provided for.

No appeal is taken except from this so-called decree, and the appeals are from all parts of said decree. We may perhaps consider these as appeals from an " order affecting a substantial right." (Surr. Ct. Act, § 288; *Fiester* v. *Shepard,* 26 Hun, 183; affd., 92 N. Y. 251; *Matter of Gilbert,* 104 id. 200.)

Attention is called to the peculiarity of the practice in an effort to determine just what we are reviewing here. It seems best to pass upon those parts of the order appealed from as to which questions have been raised in the briefs and then remit the matter to the surrogate to make a final decree upon accounting.

The executor appellant complains of only one part of the order appealed from, namely, that part which compels him to take the real estate toward his intestate share. The will is not printed in the record, and the husband's election, made pursuant to section 18 of the Decedent Estate Law, is not printed, but we gather from the briefs that the husband was devised all of the real estate and $1,000. The balance of the personal property is bequeathed to others than the husband. The husband claims that the real estate is the least desirable part of the estate and that he, having elected to take his intestate share, is entitled to have such share made up from a cross section of all the assets of the estate.

Section 18, subdivision 1, paragraph (f), of the Decedent Estate Law provides that: " Where the aggregate of the provisions under the will for the benefit of the surviving spouse * * * is less than the intestate share, the surviving spouse shall have the limited right to elect to take the difference between such aggregate and the amount of the intestate share, and the terms of the will shall otherwise remain effective."

The surrogate has decided that the husband must take, as a part of his intestate share, all of the real estate, at a valuation to be determined, upon evidence to be taken before the surrogate. The

language of section 18, subdivision 1, paragraph (f), seems to support the decision. Other subdivisions of that section speak of elections " absolutely." Paragraph (f) of subdivision 1 speaks of a " limited " right to elect, and provides that " the terms of the will shall otherwise (except for such election) remain effective." No authorities have been called to our attention, and we can find none, that give us any aid in solving the question before us, but we think the surrogate made a correct decision. We must assume that, when the matter is remitted to the surrogate, a fair valuation will be placed upon the real estate, and that the husband will be given enough personal property to make up his full intestate share. If the real estate is as undesirable as he claims it is, that fact will be taken into consideration in placing a value upon it.

The other appellants complain of the decision awarding to the husband the sum of $1,495.52 standing to the credit of decedent, at the time of her death, in the Irish American Savings and Loan Association. It appears that, until shortly before the death of the testatrix, the account was in the form of a joint deposit of the husband and wife, with a provision that the survivor should take all. The testatrix, without the knowledge or consent of her husband, withdrew the deposit and placed it in her own name. The surrogate awarded the fund to the husband upon proof which clearly warrants a finding that a joint deposit was intended by the parties. Under these circumstances we think the surrogate's decision was correct. (*Marrow* v. *Moskowitz*, 251 N. Y. 380; 255 id. 219.)

In the opinion in the latter case it is said: " When a bank account is opened in the form prescribed by statute (Banking Law, § 249, subd. 3), a presumption at once arises that the interest of the depositors is that of joint tenants. Upon the death of one of the depositors, this presumption becomes conclusive in favor of the survivor in respect of any moneys then left in the account. It continues to be a mere presumption in respect of any moneys previously withdrawn."

It may be doubted that section 249 of the Banking Law applies to savings and loan associations, but the reasoning in *Marrow* v. *Moskowitz* is as applicable to the account in question as it is to a joint account in a savings bank. (See, also, *O'Connor* v. *Dunnigan*, 158 App. Div. 334; affd., 213 N. Y. 676.)

This case was decided, before the enactment of section 249 of the Banking Law, on common-law principles.

As to the money withdrawn from the joint account by the wife there is only a presumption that it was intended as a joint deposit with right of the survivor to take. But the presumption has been

reinforced by the proof in this case. We affirm the decision of the surrogate on this point.

Only one other question is raised on this appeal. It is claimed that the allowances to executors and various attorneys are larger than warranted by law. The matter of commissions to executors is regulated by statute and there is no authority for allowing more than the percentages prescribed by statute. Then we come to a consideration of sections 278, 279 and 280 of the Surrogate's Court Act. It is there seen that an unsuccessful litigant, unless he be a special guardian or a person named as executor in a will and in good faith offering the same for probate, or a person who has rendered valuable services to some interest, cannot be given an allowance out of the estate. And the allowances, if made, are limited by these sections — $70, in case of a contest, and certain other sums, mostly figured on a per diem basis. Allowances of $1,000 to each of two attorneys, out of an estate of this size, should be based upon some kind of a showing, by affidavit or otherwise, as to what time was spent on the trial and in preparing for trial, and what disbursements were incurred, and as to the other matters prescribed as the basis for allowances in sections 278, 279 and 280. There should also be something shown before the surrogate, and in this record, as a basis for the extra allowance of $200 to one of the executors named in the will. The record does not even show that he qualified as an executor, and he does not join in the accounting.

The order appealed from should be in all things affirmed, except as to the allowances made, without costs, and the matter remitted to the surrogate to complete the accounting, and to readjust the allowances, in accordance with this opinion.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Order modified and as modified affirmed, without costs, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.