**OLSHAN v. EAST NEW YORK SAV. BANK et al.**

**No. 128.**

District Court, E. D. New York.
April 28, 1939.

Abraham Olshan, trustee, per se.

John P. McGrath and John J. Buckley, both of Brooklyn, N. Y., for defendant East New York Sav. Bank.

William J. Rudin, of Brooklyn, N. Y., for defendants Murry E. Cohen and Bert Collins.

CAMPBELL, District Judge.

This is an action brought by the Trustee to recover the sum of $1,277.65 with interest from April 16, 1937, which sum was the balance on deposit in the East New York Savings Bank in an account in the names of Murry E. Cohen and Bert H. Cohen, payable to either, or survivor of them.

The bankrupt, Bert Collins, also known as Bert H. Cohen, filed a Voluntary Petition in Bankruptcy in this Court, on April 15, 1937, and on the same day was duly adjudicated a bankrupt.

The other individual defendant, Murry E. Cohen, is the brother of the bankrupt.

From the evidence, it appears, that on or about March 4, 1931, the individual defendant, Murry E. Cohen, opened the bank account in question, with an initial deposit of $10.

At that time, Murry E. Cohen, was earning from five to six thousand dollars a year, and his earnings increased in the succeeding years. He had individual savings accounts in the East New York Savings Bank, Jamaica Savings Bank and a checking account in the National City Bank, under the trade name of Atlantic Advertising Company, under which title he conducted an advertising business. He has been in the employ of the Novocol Chemical Company for the past fourteen years.

The bankrupt, Bert Collins, also known as Bert H. Cohen, was in the employ of the Nevins Bus Lines, earning $35 a week, and had no other income.

The individual defendants both testified that the bank account in question was opened as a "joint account" in order to establish a fund, available to the bankrupt to draw funds for an emergency need of their parents, with whom both of them lived, in the event that Murry E. Cohen was out of the City. Such emergency never arose. The bankrupt did not deposit any monies in the account, nor did he withdraw any money therefrom.

Ninety-six deposit slips were made out, and ninety-six deposits had been made, and nine withdrawal slips were made out, and nine withdrawals were made, of funds, from the said account. Each and all of the ninety-six deposit slips, and the nine withdrawal slips, are in the handwriting of the defendant, Murry E. Cohen. No deposit slips, and no withdrawal slips, bear the signature of the bankrupt.

The deposits were made between March 4, 1931, and March 9, 1938, the latter date being subsequent to the filing of the Petition in Bankruptcy.

The bank-book was, at all times, in the possession of the defendant, Murry E. Cohen. He informed the bankrupt, that in the event of necessity, the book could be found in his desk at his office at the Novocol Chemical Company.

The bankrupt, however, never had occasion to use the bank-book, or account, and therefore, never had it, even for a moment, in his possession.

In the period of eight years that have succeeded the opening of the account, the original purpose for its opening was lost sight of, and the defendant, Murry E. Cohen, used the account for his personal purposes, not thinking that his brother, the bankrupt, had access to the account.

Every cent which was deposited in the account was the money of the defendant, Murry E. Cohen, and every withdrawal therefrom was made by him.

The creation of this joint account while, as it is contended by plaintiff, created a presumption of joint ownership, did not, in the face of the evidence, establish that, as a fact. Pendley v. Pendley, 163 Misc. 571, 298 N.Y.S. 311; Clary v. Fitzgerald, 155 App.Div. 659, 140 N.Y.S. 536, affirmed 213 N.Y. 696, 107 N.E. 1075; Matter of Buchanan's Estate, 184 App.Div. 237, 171 N.Y.S. 708; Moskowitz v. Marrow, 251 N.Y. 380, 167 N.E. 506, 66 A.L.R. 870; Matter of Porianda's Estate, 256 N.Y. 423, 176 N.E. 826.

The presumption was a disputable one, and on the evidence, it clearly appears, that there was no intention, on the part of the defendant, Murry E. Cohen, to give to the bankrupt, any portion of the money placed in the joint account, as the agreement between the parties themselves, would be controlling, but the Bank, not being a party to that agreement as to the ownership of the funds, would not be bound thereby, but, would be protected as to any payments it might have made to either of the depositors named in the joint account.

Section 249, Subdivision 3, of the Banking Law of the State of New York, being Chapter 2 of the Consolidated Laws of the State of New York, at the time of the opening of the said account and until a period subsequent to the filing of the Petition in Bankruptcy herein when it was amended, with which amendment we are not concerned in this case, reads as follows: "3. When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

The Courts, however, have held that in the controversy between the parties to a joint account, parol evidence is admissible to establish the real owner of the fund. Clary v. Fitzgerald, supra.

It, therefore, appears that by the parol evidence given on the trial, the defendant, Murry E. Cohen, is the sole owner of the money on deposit with the defendant, East New York Savings Bank, and that the bankrupt is not the owner of any part thereof.

The following cases, cited on behalf of the plaintiff, Matter of McCarthy's Estate, 164 Misc. 719, 299 N.Y.S. 715; In re Garlock's Will, 252 App.Div. 419, 299 N.Y.S. 516; Marrow v. Moskowitz, 255 N.Y. 219, 174 N.E. 460; Matter of Southard's Estate, 150 Misc. 248, 270 N.Y.S. 85, hold, as I have hereinbefore found, that a presumption arises, that their interests are those of joint tenants on the opening of the account, but, this presumption is a disputable one, and the evidence in this case is sufficient and convinces me that the presumption has been rebutted.

Judgment may be entered in favor of the defendants, dismissing the complaint herein, but without costs.

Submit proposed findings of fact and conclusions of law, in accordance with this opinion, for the assistance of the Court, as provided by the Rules of Civil Procedure, and the Civil Rules of this Court.