In the Matter of the Judicial Settlement of the Account of MARGARET KELLER and MARTIN KUKELSKE, as Executors and Trustees, and of SOPHIE MILLER, as Successor-Executor and Trustee under the Last Will and Testament of ROSE KUKELSKE, Deceased. SWIFT & COMPANY, Appellant, Respondent; MARGARET KELLER, as Executor and Trustee, etc., of ROSE KUKELSKE, Deceased, Respondent, Appellant; SOPHIE MILLER, as Successor-Executor and Trustee, etc., of ROSE KUKELSKE, Deceased, CALLISTER BROS., INC., as Assignee, etc., of MARTIN KUKELSKE, etc., Deceased; MARCUS J. CHRIST, as Special Guardian of ROBERT KUKELSKE and Others, Infants, Respondents.— Cross-appeals by Margaret Keller, as surviving executrix, and by Swift & Company, an objectant to the account of the executrix, from a resettled decree of the Surrogate's Court of Nassau county, in an accounting proceeding which surcharged the surviving executrix in the amount of a claim of Callister Bros., Inc., an assignee of one of the legatees, and denied a surcharge for the claim of Swift & Company, another assignee of the same legatee. Resettled decree, in so far as appeals are taken therefrom, unanimously affirmed, without costs. The surviving executrix was properly surcharged with the amount claimed by Callister Bros., Inc., for permitting the payment of $1,908.48 to Martin Kukelske, the legatee, in disregard of the assignment which had been duly filed by Callister Bros., Inc. The executrix is not subject to surcharge, however, in favor of Swift & Company, because of the failure of that company to file its assignment in the surrogate's office, as required by section 32 of the Personal Property Law, before the payments to the legatee. The executrix had no notice of the assignee's claim, and an assignee may not complain that payment has been made to the assignor unless he has protected himself by notice to the debtor. (*Heermans* v. *Ellsworth*, 64 N. Y. 159.) The surrogate reached the same conclusion respecting the claim of Swift & Company, but apparently took the view that, as between the holders of two unfiled assignments from the same legatee, the one to whom the fund is first paid may retain it against the other. That question is not presented here, because the executors did not pay

the $1,908.48 to one assignee in preference to another. They made payment of that sum directly to the assignor, and the question is simply whether such payment was an improper act by the surviving executrix. It was not, in the absence of notice. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.